364 A.2d 700

**COMMONWEALTH of Pennsylvania,
Appellant,**

v.

**Robert A. GUERRY, Appellee.**

Supreme Court of Pennsylvania.

Argued May 4, 1976.

Decided Oct. 8, 1976.

Marion E. MacIntyre, Second Asst. Dist. Atty., Reid H. Weingarten, Harrisburg, for appellant.

Joshua D. Lock, Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

At 5:40 a. m. on May 3, 1975, Robert A. Guerry struck a guardrail while operating a motor vehicle at the intersection of Interstate 83 and Route 283 in Swatara Township, Dauphin County. Guerry drove the car from the scene of the accident to a nearby shopping center where he saw a Swatara Township police car in the parking lot of a donut shop. Guerry entered the donut shop and spoke to the township police officer. He told the officer that he had just had an accident and described the accident and location. The officer administered

22

first aid to Guerry who was bleeding profusely from the head and face and called an ambulance. The officer also noticed an odor of alcohol on Guerry's breath but did not arrest Guerry at this time. Instead, he notified the State Police concerning the accident and underlying circumstances. Guerry was taken to a hospital for treatment.

Officers of the Pennsylvania State Police arrived at the donut shop, talked to the township police officer, inspected the vehicle which Guerry was operating and departed for the hospital to which Guerry was taken. At the hospital,[1] Guerry admitted that he was operating the vehicle at the time of the accident and that he was operating while under suspension of operating privileges. The State Police Officers noticed a strong odor of alcoholic beverages on Guerry's breath and that his eyes were glassy and bloodshot. A blood sample was taken by a physician which revealed 0.15% alcohol in Guerry's blood. Guerry was then arrested, without a warrant, for operating a motor vehicle under the influence of intoxicating liquor and for operating a motor vehicle while under suspension of operating privileges.

Following the denial of a motion to suppress "any and all evidence obtained as a result of the unlawful arrest", Guerry was convicted in a nonjury trial of operating a motor vehicle under the influence of intoxicating liquor and of operating while under suspension of operating privileges. However, the Court of Common Pleas of Dauphin County, when ruling on post verdict motions concluded a conflict existed between the Act of July 20, 1974, P.L. 522, No. 177, § 2, 75 P.S. § 1204(a) [Supp. 1975–76] and Pa.R.Crim.P. 101. Relying on Article V, Section 10(c) of the Pennsylvania Constitution, that court ruled that the conflict must be resolved in favor of

1. Guerry was advised of and waived his constitutional rights prior to questioning by the State Police.

the rule of criminal procedure. On that basis, the court found the warrantless arrest in this case to be illegal and entered an order granting a motion to arrest judgment in the case of operating a motor vehicle under the influence of alcohol.[2] The Commonwealth appealed.[3]

■ This Court does not share the view of the court below that Pa.R.Crim.P. 101 is in conflict with 75 P.S. § 1204(a) and that the warrantless arrest in this case for the misdemeanor of driving under the influence of intoxicating liquor was illegal based on that conflict. *Commonwealth v. Levesque*, 469 Pa. 118, 364 A.2d 932 (1976).

■ However, we must determine whether the arresting officer had probable cause to believe that Guerry was operating his vehicle under the influence of intoxicating liquor. See 75 P.S. § 1204(a). Probable cause exists if "the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Culmer*, 463 Pa. 189, 344 A. 2d 487, 490 (1975). Here, the arresting officer knew the circumstances of the accident, that Guerry admitted that he was driving at the time of the accident, that the local

2. The Court of Common Pleas of Dauphin County reversed the conviction for operating a motor vehicle under the influence of intoxicating liquor but allowed the conviction for operating while under suspension of operating privileges to stand. Accordingly, this appeal concerns itself with only the conviction for driving under the influence of intoxicating liquor.

3. Jurisdiction is based on the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202, 17 P.S. § 211.202 [Supp.1975–76] which provides, *inter alia:*
"The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in any of the following classes of cases:
(9) Matters where the court of common pleas has held invalid as repugnant . . . to the Constitution of this Commonwealth, . . . any act of Assembly of, this Commonwealth . . . ."

police officer noticed a strong odor of alcohol on Guerry's breath and that he and his fellow State Police Officers noticed a strong odor of alcohol on Guerry's breath as well as glassy and bloodshot eyes. Based on this knowledge, the arresting officer had sufficient probable cause to believe that Guerry was operating his motor vehicle under the influence of intoxicating liquor at the time of the accident.

Since the arrest was not illegal and was based upon probable cause, the order of the court below is reversed and the case remanded for further proceedings consistent with this opinion.

ROBERTS, NIX and MANDERINO, JJ., concur in the result.