440 A.2d 1213

COMMONWEALTH of Pennsylvania, Appellant,

v.

Albert Anthony CORBO.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Phillip TENDLER.

COMMONWEALTH of Pennsylvania, Appellant,

v.

John F. HARTUNG.

Superior Court of Pennsylvania.

Submitted March 12, 1980.

Filed Jan. 29, 1982.

Petition for Allowance of Appeal Denied April 19, 1982.

Sandra L. Gross, Assistant District Attorney, Media, for Commonwealth, appellant.

James P. McHugh, Chester, for appellees.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

BROSKY, Judge:

The Commonwealth appeals the decision of the trial court in which it suppressed evidence resulting from a search of appellees' place of business. The Commonwealth procured search warrants through affidavits presented by Pennsylvania State Police supported by information received from the New Jersey State Police. This information resulted from an electronic surveillance of New Jersey Telephones, *approved by the New Jersey Superior Court,* in response to activities initiated by the New Jersey State Police. The Pennsylvania State Police became involved only upon receipt of the surveillance material.

The trial court suppressed all evidence obtained as a result of the search claiming the warrants were deficient on their face and therefore legally defective. The trial court reasoned any evidence resulting from an electronic surveillance which would have been illegal in Pennsylvania and which was obtained in a foreign jurisdiction cannot be admitted as evidence of probable cause to support a valid search warrant.[1] We reverse and remand.

In *Commonwealth v. Bennet*, 245 Pa.Super. 457, 369 A.2d 493 (1977), we decided that a search warrant can be supported by probable cause based upon information obtained through an electronic surveillance ordered in a foreign jurisdiction. Our decision in *Commonwealth v. Bennet*, supra, was reached pursuant to the then existing statute authorizing wiretaps in Pennsylvania, 18 Pa.C.S.A. § 5701 et seq., which prohibited the use in court of all evidence obtained by wiretap or electronic surveillance excepting where the parties had consented to the wiretap or electronic surveillance. By the Act of October 4, 1978, P.L. 831, No. 164 found at 18 Pa.C.S.A. § 5701 et seq., the General Assembly authorized the use of information obtained by wiretap or electronic surveillance when the parties have consented to the wiretap or electronic surveillance and where the attorney general, his designee, or a district attorney or his designee, obtains an order signed by a Superior Court Judge authorizing the wiretap or electronic surveillance. 18 Pa.C.S.A. § 5708.[2] Thus, our General Assembly has lessened the restrictions placed upon the use of such evidence. Nevertheless, in *Commonwealth v. Bennet*, supra, the parties argued extensively about the legality of the New Jersey wiretap. In this case, neither party argues that the wiretap was illegal. Accordingly, we need not decide whether the use of informa-

1. The trial court bases its decision upon our memorandum opinion in *Commonwealth v. Walkowski*, 263 Pa.Super. 578, 400 A.2d 613 (1979). This decision was a per curiam affirmance which is not of any precedential value.

2. Exceptions to the prohibition on interception and disclosure of communications are found at 18 Pa.C.S.A. § 5704. None of the exceptions found therein are relevant to the instant appeal.

tion obtained by wiretap provided grounds, in and of itself, to suppress the evidence, rather, we must determine if the evidence so obtained provided the police with sufficient facts upon which to establish probable cause for the issuance of a search warrant.

The trial court discussed the facts concerning the procurement of the search warrant as follows:

On February 9, 1979, Corporal Theodore J. Zamorski of the Pennsylvania State Police obtained Search Warrants for 319 Liberty Lane, Wayne, Delaware County, Pennsylvania, and 914 South Avenue, Spring Hill Apartments, Apartment H–26, Secane, Delaware County, Pennsylvania. The Search Warrants were obtained for the purpose of searching the aforesaid premises wherein the authorities believed that poolselling and bookmaking activities were occurring. The information contained in the Search Warrants obtained by the Pennsylvania State Police was based on information obtained by the use of electronic surveillance of a telephone facility in New Jersey.

The electronic surveillance equipment used to obtain the aforesaid information was authorized by a Judge of the Superior Court of New Jersey in Trenton. The aforesaid Search Warrants were issued and approved by District Justice Joseph V. Gessler.

The Search Warrants were executed on February 10, 1979, and as a result thereof, Defendant Corbo was arrested and charged with poolselling and bookmaking.

The information contained within the Search Warrants was obtained from New Jersey authorities who had used electronic surveillance in the gathering of the aforesaid information used to obtain the search warrants and for the arrest of the Defendant. The Affidavit accompanying the Search Warrants does not indicate whether the electronic surveillance Order was obtained as a result of information supplied by the Pennsylvania State Police. Furthermore, the Affidavit does not show on its face whether the remaining information contained therein was obtained independently from the information gained from

the electronic surveillance Order. In fact, the Affidavit on its face indicates that the electronic surveillance information was not within the personal knowledge of the affiant but was obtained from information supplied by another person. The Affidavit does not indicate whether the alleged information as to probable cause was within the personal knowledge of the affiant but rather the other information was given by one person to another person and finally reported to the affiant, thereby in fact being hearsay on hearsay evidence.

(Lower Court's Opinion Pages 1 and 2.)

The Commonwealth asserts that the information received by the Pennsylvania Police from the New Jersey Police presented in affidavits to the District Court was sufficient to establish probable cause to justify the issuance of a search warrant in Pennsylvania. We find the search was lawful, being based upon a search warrant obtained by probable cause. The New Jersey Police had recorded statements of persons electronically. That information was given to the Pennsylvania Police who in turn gave it to the District Justice who issued the search warrant. The information received by the New Jersey Police was from a person involved in poolselling and bookmaking in Pennsylvania. This information was clearly reliable. The New Jersey Police merely conveyed that information to the Pennsylvania Police.

In *Commonwealth v. Musi*, 486 Pa. 102, 113, 404 A.2d 378, 383 (1979), our Supreme Court said:

The concept of evaluating the police operation as a collective function as opposed to an individual one is not new. For instance, we have held that it is unnecessary for an arresting officer to have knowledge of the information which supported the probable cause of a warrantless arrest, provided that the officer issuing the order to arrest had sufficient information to act. *Commonwealth v. Kenney*, 449 Pa. 562, 566–567, 297 A.2d 794, 796 (1972). See also *Commonwealth v. Whitson*, 461 Pa. 101, 334 A.2d 653 (1975). Here, the officer supplying the information for

the affidavit possessed the requisite information to satisfy the probable cause requirements. The fact that he delegated the responsibility of placing this information in affidavit form and the securing of the warrant from the issuing authority is of no consequence, where the affidavit accurately reflects the information possessed by the officer and that information satisfies the probable cause requirement.

Thus, the above stated facts, as given to the District Justice, were reliable and, as such, justified the issuance of the search warrant. See *Commonwealth v. Evans*, 488 Pa. 38, 410 A.2d 1213 (1980).

Order reversed. Case remanded for proceedings consistent with this opinion.