583 A.2d 1245

COMMONWEALTH of Pennsylvania, Appellant,

v.

Carl Eugene HAMMIE.

Superior Court of Pennsylvania.

Argued Oct. 3, 1990.

Decided Dec. 13, 1990.

538

Gerald A. Lord, Asst. Dist. Atty., York, for Com., appellant.

Harold N. Fitzkee, Jr., York, for appellee.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order granting appellee's motion to quash. Appellant, the Commonwealth, contends that the court below erred in suppressing certain evidence and granting the motion. For the following reasons, we agree, and accordingly, we reverse the order below and remand for trial.

The facts surrounding appellee's arrest, viewed in the light most favorable to appellee,[1] are as follows. On October 27, 1989, Officer Hinds of the West Manchester Police Department was traveling through West York Borough when he observed a vehicle, driven by appellee, exiting a parking lot. Officer Hinds swerved his patrol car in order to avoid a collision with this vehicle. He then observed appellee back the vehicle into the parking lot, and appellee

---

1. Where the Commonwealth appeals the decision of a suppression court, we must consider only the evidence of the defendant's witnesses and so much of the prosecution's evidence as read in the context of the record as a whole remains uncontradicted. *Commonwealth v. Hamlin,* 503 Pa. 210, 216, 469 A.2d 137, 139 (1983).

park the vehicle. Appellee exited his vehicle and headed toward the Overbrook Cafe. Officer Hinds then contacted the West York Borough Police Department, and Officer Strickler of that Department arrived at the scene. Based on information he received from Officer Hinds, Officer Strickler spoke to appellee, who had returned to the parking lot, and appellee admitted to driving the vehicle in question. The officer detected an odor of alcohol on appellee's breath and administered a field sobriety test to appellee. After appellee failed the test, Officer Strickler arrested him and charged him with driving under the influence of alcohol. *See* 75 Pa.C.S.A. § 3731.

On January 8, 1990, appellee filed a motion to quash seeking to have the charges against him dismissed. This motion was notable for the narrowness of its scope. Appellee argued that based on the information the arresting officer obtained through his own observations, the officer had no authority to make a warrantless arrest. It was on these grounds alone that appellee requested the charges against him be dismissed.[2] At a hearing on January 25, 1990, the court heard testimony concerning the circumstances leading to appellee's arrest. The court then entered an order suppressing the evidence because it found that there was no probable cause to arrest appellee. Thereafter, the court granted appellee's motion to quash. Although the court did not state the reason for the quashal, it apparently concluded that, absent the suppressed evidence, there was no *prima facie* case against appellee. The Common-

---

2. We note here that quashal is not an appropriate remedy for an illegal arrest. A person is not a suppressible "fruit" of an illegal arrest. *See United States v. Crews,* 445 U.S. 463, 474, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980); *Commonwealth v. Verdekal,* 351 Pa.Super. 412, 421, 506 A.2d 415, 419–420 (1986). Thus, the fact that an arrest was unlawful alone in no way implicates the sufficiency of the Commonwealth's *prima facie* case and is no basis for quashing an information. *See Commonwealth v. Verdekal, supra* ("any illegality of detention cannot deprive the government of the opportunity to prove guilt through the introduction of evidence wholly untainted by the police misconduct").

wealth's timely appeal followed.[3]

In its ruling, the court below opined that the information communicated to Officer Strickler by Officer Hinds—that he was forced to swerve in order to avoid a collision—did not establish probable cause to arrest as a matter of law. Subsequently, the court continued, appellee's failure of the field sobriety test did not justify an arrest. Thus, the court suppressed the evidence gathered by Officer Strickler and granted appellee's motion to quash.

The Commonwealth contends that the court below improperly concluded, as a matter of law, that the arresting officer's actions were unlawful.[4] Specifically, the Commonwealth argues that the arresting officer initially had a reasonable suspicion to briefly detain appellee and that said suspicion developed into probable cause during the stop, whereupon he could legally arrest appellee. The evidence resulting from the seizure, therefore, was properly obtained. We agree.

■ A police officer may stop and briefly detain an individual if the officer has a reasonable suspicion, based on specific and articulable facts, that criminal activity may be afoot. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969); *Commonwealth v. Espada*, 364 Pa.Super. 604, 528 A.2d 968 (1987). Also, we have held that erratic driving provides a sufficient, reasonable basis to support an investigatory stop. *Commonwealth v. Lymph*, 372 Pa.Super 97, 100–101, 538 A.2d 1368, 1370 (1988) (citations omitted). Moreover, officers who have not witnessed first-hand erratic driving or accidents, but have received information from other officers or citizen witnesses and later personally observed the accused, were held to have sufficient probable

3. Because the court's quashal effectively terminated the prosecution, the Commonwealth's appeal here is proper. *See Commonwealth v. Gemelli*, 326 Pa.Super. 388, 474 A.2d 294 (1984).

4. The Commonwealth does not argue that quashal of the information was an improper remedy for appellee to seek, based upon an allegedly illegal arrest. Thus, we will confine our analysis here to the suppression issue.

cause to make an arrest. *See Commonwealth v. Levesque,* 469 Pa. 118, 364 A.2d 932 (1976); *Commonwealth v. Guerry,* 469 Pa. 20, 364 A.2d 700 (1976). *See also* 75 Pa.C.S.A. § 3731(c) (police officer may make warrantless arrest of person "who the officer has probable cause to believe has violated the provisions of this section, regardless of whether the alleged violation was committed in the presence of such officer"); R. Wasserbly, *1 Pennsylvania Criminal Practice* § 6.07 (1981 & Supp.1990); *Commonwealth v. Janiak,* 368 Pa.Super. 626, 534 A.2d 833 (1987).

In the instant case, Officer Strickler had an articulable and reasonable suspicion so that he could briefly detain appellee based upon Officer Hinds's report of appellee's erratic driving.[5] *See Commonwealth v. Lymph, supra; Commonwealth v. Levesque, supra.* Thus, contrary to the finding by the court below, Officer Strickler had sufficient information to justify an investigatory stop. Once he arrived at the scene, according to the officer's uncontradicted testimony, appellee approached him whereupon he detected an odor of alcohol on appellee's breath. *See* N.T. January 25, 1990 at 12. Appellee also admitted to the officer that he had been driving the vehicle in question. We note that there is no evidence that, at this time, appellee was under arrest. It was not until after Officer Strickler conducted field sobriety tests, which appellee failed, that he placed appellee under arrest. At the time of arrest, based on both the initial information he received and his own personal observations, the officer had probable cause to arrest appellee for driving under the influence. *See Commonwealth v. Monaghan,* 295 Pa.Super. 450, 441 A.2d 1318 (1982) (probable cause exists where officer knew tow-truck driver had operated truck short time before and driver now appeared to be inebriated); *Commonwealth v. Benson,* 280 Pa.Super. 20, 421 A.2d 383 (1980) (probable cause exists for arrest where police officer called to scene to fill out accident

---

5. We note that the Commonwealth agrees with the court below that at this point, based solely on the information communicated by Officer Hinds to Officer Strickler, Officer Strickler did not have probable cause to arrest appellee. *See* Appellant's Brief at 8.

report observed appellant's stumbling walk and odor of alcohol on breath). Therefore, the court erred in finding that insufficient probable cause existed to make an arrest and in suppressing the fruits of this arrest.[6] Moreover, because the court's suppression of the evidence was the legal predicate for the court's order quashing the information, we find that the court also erred in granting appellee's motion to quash. Accordingly, we reverse the court's order and remand for trial.

Order reversed and case remanded for trial. Jurisdiction relinquished.

**6.** We note that the court suppressed "any evidence then gathered by Officer Strickler," Trial Court Opinion at 2, but did not specify what evidence it was suppressing as a result of the supposedly illegal arrest.