**Commonwealth v. Plisko**

*John Kopas, assistant district attorney,* for the Commonwealth.

*Ronald C. Makoski,* for defendant.

SOLOMON, *J.,* August 24, 1992—This matter is before the court on the defendant's motion to suppress the results of an intoxilyzer test. Oral argument was held June 15, 1992.

On January 4, 1992, the defendant, after making a right turn onto Arch Street in Connellsville, Pennsylvania, was pulled over by an officer of the Connellsville Police Department. After the stop, the defendant submitted to an intoxilyzer breath test at the officer's request. It is this test result that the defendant argues should be suppressed.

In his motion, the defendant argues that the results of the intoxilyzer test should be suppressed for the following reasons: (1) the arresting officer lacked probable cause for the initial stop of the defendant's vehicle; (2) the arresting officer lacked probable cause to request that the defendant submit to an intoxilyzer test; (3) the date set forth on the official intoxilyzer printout does not correspond to the date of the alleged incident; (4) the intoxilyzer machine used on the defendant was defective and/or otherwise being operated improperly when the test was administered; and (5) an excessive amount of time elapsed between the time of the traffic stop and the conduct of the breath test so as to render the result of the test inconclusive.

The threshold issue is whether the stop of the defendant's vehicle was proper. It is clear that a "police officer may stop and briefly detain an individual if the officer has a reasonable suspicion, based on specific and articulable facts, that criminal activity may be afoot." *Commonwealth v. Hamme,* 400 Pa. Super. 537, 540, 583 A.2d 1245, 1247 (1990). Reasonable grounds to believe a driver is operating his vehicle under the influence of alcohol exist where "a person in the police officer's shoes

reviewing those facts could conclude that" the driver "was operating the vehicle under the influence of alcohol." *Books v. PennDOT*, 109 Pa. Commw. 25, 29, 530 A.2d 972, 973 (1987). Furthermore, it has been held that erratic driving provides a sufficient, reasonable basis to support an investigatory stop. *Hamme, supra.*

Here, the officer observed the defendant's driving for sometime before stopping him. He testified that as the defendant entered an intersection with the light green in his favor, the defendant almost stopped in the intersection and then made a quick left turn. However, as the officer stated, this quick turn by the defendant constituted no traffic violation.

Additionally, the officer testified that he believed that the defendant was driving faster than the 25 mph speed limit posted in the area. It should be noted, however, that this statement is mere speculation by the officer, since he testified that he was not actually measuring the defendant's speed with any recognized device.

In any event, the officer did not stop the defendant for this alleged speeding. Instead, the defendant was stopped for what the officer characterized as a "wide" right turn. The street onto which the defendant supposedly made this wide turn is a street with no center line. Thus, whether or not the defendant's turn was wide was merely a matter of judgment. The officer testified that the turn was wide, while the defendant testified that it was not. The record does not reveal that any other cars were forced to swerve to avoid the defendant's car or that the defendant was clearly in the other lane.

These acts by the defendant do not amount to the level of "erratic driving" that is necessary to justify a stop of this type. See e.g. *Commonwealth v. Lymph*, 372 Pa. Super. 97, 538 A.2d 1368 (1988) (probable cause existed where the defendant braked sharply twice, crossed

the center line causing an oncoming car to swerve to avoid her car, then crossed the center line four to five times in a four-block area). The defendant's quick left turn, *possible* speeding and *possible* wide right turn do not provide reasonable grounds to cause a person to believe that the defendant was operating his vehicle while under the influence of alcohol.

Wherefore, we will enter the following

## ORDER

And now, August 24, 1992, the motion of the defendant to suppress the results of the intoxilyzer test is ordered granted, based on lack of probable cause to stop the defendant's vehicle.