672 A.2d 830

COMMONWEALTH of Pennsylvania, Appellant,

v.

Maria M. RIVERA, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Angel SANCHEZ, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

J.J. BRICENO–RODRIGUEZ, Appellee.

Superior Court of Pennsylvania.

Argued Dec. 6, 1995.

Filed Feb. 28, 1996.

Iva C. Dougherty, Assistant District Attorney, Reading, for Commonwealth, appellant.

Franklin W. Noll, III, Reading, for Rivera, appellee.

Lawrence J. Hracho, Reading, for Sanchez, appellee.

Emmanuel H. Dimitriou, Reading, for Briceno–Rodriguez, appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge.

This is an appeal from the order granting appellees' motions to suppress and requests for habeas corpus relief on December 6, 1994, in the Court of Common Pleas of Berks County. The Commonwealth appeals and raises the following two issues: Whether the lower court erred in concluding that the legality of the canine sniff conducted in California must be evaluated on the basis of Pennsylvania law; and whether the canine sniff conducted in the instant case was reasonable under Pennsylvania law. Upon review, we find that the legality of the canine sniff should have been evaluated under California law, not Pennsylvania law.[1] Therefore, we reverse the trial court's grant of appellees' motions to suppress and requests for habeas corpus and remand for new trials in accordance with this opinion.

The facts of this case are as follows: On August 26, 1993, Special Agent Tully E. Kessler of the Bureau of Alcohol, Tobacco and Firearms (ATF) was on routine duty at a Federal Express location in Bakersfield, California when he observed a Hispanic man and woman arranging to ship a package. The woman handwrote an airbill and proceeded to pay $77.00 in cash for the shipment. Agent Kessler watched the couple leave and noted their license plate number. Upon external inspection of the package, Agent Kessler noticed that the sender's address was listed as: Ceramics, Inc., 1114 McNew Ct., Bakers. CA 93307, Ph. 833–3450. The receiver was listed as: Sr. Angel Sanchez, 1705 Liggett Ave., Shillington, PA 19607.

Agent Kessler called the telephone operator and was told that there was no listing for a Ceramics, Inc. in the Bakersfield area. Agent Kessler then consulted two directories and

---

1. As discussed below, even if Pennsylvania law were to be applied, we would find the contested sniff search to be legal.

could not find a listing for the phone number written on the package. He then checked both directories for the address of 1114 McNew Ct. and found that it was a non-existent address for Bakersfield, California. When Agent Kessler called the number on the package, a young Hispanic woman answered, and he could hear children crying in the background. He hung up the phone without speaking. A check with the California Department of Motor Vehicles showed that the vehicle in which the couple left was registered to Trinidad Mendez and Maria C. Ramirez, 1423 East California Avenue, Bakersfield, California.

Agent Kessler then contacted Deputy Bruce Saunders of the Kern County Sheriff's Department and asked him to bring his canine drug detector to the Federal Express office to conduct a sniff test of the package. The police dog alerted Deputy Saunders to the odor of a controlled substance emanating from the package in question. Agent Kessler contacted Detective Joe Mekosh of the Cumru Township Police Department and provided him with the information regarding the package. After verifying that Agent Kessler was employed by ATF, Detective Mekosh obtained a search warrant for the package based on the information provided by Agent Kessler. A search of the package in Pennsylvania revealed fifteen (15) packets of marijuana. After a controlled delivery to 1705 Liggett Avenue, Detective Mekosh obtained a search warrant to search the premises for marijuana and related objects and another warrant to search the computer and financial records found on the premises. The searches revealed large amounts of cash, marijuana and other incriminating evidence.

In response to appellees' motions to suppress and requests for habeas corpus relief, the trial court decided that the legality of the canine sniff conducted in California must be evaluated on the basis of Pennsylvania law. The trial court explained that since the law of evidence is characterized as procedural law, the law of the forum state, Pennsylvania, would apply. Based on this presumption, the trial court concluded that the facts before Agent Kessler did not rise to the level of reasonable suspicion as required by Pennsylvania

law. Consequently, the trial court suppressed all of the evidence obtained subsequent to the canine sniff and granted appellees' request for habeas corpus relief.

The Commonwealth argues that California law should have been applied because the determination of whether a canine sniff is a search is a matter of substantive rather than procedural law. Under California law, a canine sniff does not require reasonable suspicion because it is not considered a search. *People v. Mayberry,* 31 Cal.3d 335, 182 Cal.Rptr. 617, 644 P.2d 810 (1982). However, in Pennsylvania, a canine sniff is a search which requires reasonable grounds for believing that drugs may be present and lawful presence by the police where the sniff is conducted. *Commonwealth v. Johnston,* 515 Pa. 454, 530 A.2d 74 (1987). We agree with the Commonwealth that California law should have been applied and the evidence obtained pursuant to the canine sniff not be suppressed.

In *Commonwealth v. Bennett,* 245 Pa.Super. 457, 369 A.2d 493 (1976), the Superior Court of New Jersey authorized a wiretap on a telephone located within the state. Based on the information obtained via the New Jersey wiretap, a search warrant was issued in Pennsylvania which resulted in the defendant's arrest. Since the evidence obtained pursuant to the wiretap could not have been legally obtained under Pennsylvania law, it was suppressed by the trial court.[2] Upon review, this court emphasized that the information was obtained through a wiretap legally authorized by the Superior Court of New Jersey. We noted that the legislature of New Jersey had authorized the use of wiretapping, in appropriate circumstances and for proper cause shown, within its borders. Thus, the information was legally obtained by the New Jersey Police and could properly form the basis of a warrant in Pennsylvania. *Bennett,* 369 A.2d at 494.

As this court stated in *Bennett:*

---

**2.** At the time that *Bennett* was decided, the statute authorizing wiretaps, 18 Pa.C.S.A. § 5701, et seq., prohibited the use in court of all evidence obtained by wiretap without consent.

[a] conclusion that denies the exchange of information between law enforcement agencies of our Commonwealth and those of our sister states cannot be justified. The overriding public policy must be to allow such an exchange, for public policy, in the absence of legislative mandate, must favor the interest of the public by fostering its protection through the detection and apprehension of those who persist in defying our laws. This is particularly true in the case of major interstate drug dealers whose activities wreck the lives of so many people in this country today.

*Id.*

Similarly, in *Commonwealth v. Corbo*, 295 Pa.Super. 42, 440 A.2d 1213 (1982), New Jersey police obtained evidence through a court approved electronic surveillance of New Jersey telephones. This information was forwarded to Pennsylvania police which established probable cause to issue a warrant in Pennsylvania. This court found that the evidence legally obtained in New Jersey could constitute the probable cause for a Pennsylvania search warrant. *Id.* at 1214–1215. *See also, Commonwealth v. Trignani*, 334 Pa.Super. 526, 483 A.2d 862, 866–867 (1984).

■ In the present case, Agent Kessler conducted a canine sniff search clearly authorized by California law. As previously stated, in California, a canine sniff by a police trained dog to detect the odor of narcotics in a public place does not invoke constitutional protection as it is not considered a search. *People v. Mayberry*, 31 Cal.3d 335, 182 Cal.Rptr. 617, 644 P.2d 810 (1982). As stated in *Bennett* regarding wiretaps, if the legislature of a sister state determines that an investigative technique will be permitted within its borders absent constitutional limitation, we will not question that decision. Furthermore, our Supreme Court has found a canine sniff-search to be inherently less intrusive upon an individual's privacy than wiretapping. *Johnston*, 530 A.2d at 79. Therefore, as our court's have determined that a wiretap legally executed in another state is not in contravention to the laws of our Commonwealth, we find the same with respect to the less-intrusive use of a legally executed canine sniff.

The trial court cites *Commonwealth v. Dennis*, 421 Pa.Super. 600, 618 A.2d 972 (1992), for its conclusion that Pennsylvania law applies to the present case. In *Dennis*, the defendant, a New Jersey resident, was convicted in Pennsylvania of various drug offenses involving individuals in Pennsylvania, New Jersey, and Florida. The defendant contended on appeal that the results of a search of his New Jersey property should not have been admitted because the information stated in the affidavit was stale and, thus, the search warrant was improperly issued. The court explained that laws regarding admissibility of evidence were procedural matters governed by the law of the forum. Therefore, this court affirmed upon finding that the application for the search warrant before the New Jersey magistrate was sufficient to establish probable cause under Pennsylvania law.

The trial court's reliance on *Commonwealth v. Dennis*, 421 Pa.Super. 600, 618 A.2d 972 (1992), is misplaced in light of the circumstances of the case before us. In this case, the question is not whether the sniff was conducted properly, rather, it is whether or not appellees had a constitutional right to be free from an unreasonable canine sniff search of their property while within the borders of California. We must determine if whether appellees' had this constitutional right is a matter of substantive or procedural law. If it is a matter of procedural law, Pennsylvania law would apply as the forum state. *Dennis*, 618 A.2d at 980. Otherwise, California law would apply.

In *Black's Law Dictionary*, substantive law is defined as "[t]hat which creates duties, rights and obligations, while 'procedural' law prescribes methods of enforcement of rights or obtaining redress." (citing *Kilbreath v. Rudy*, 16 Ohio St.2d 70, 242 N.E.2d 658, 660). Therefore, whether one has a constitutional right clearly is a matter of substantive law to be determined by the state where the activity occurred. In Pennsylvania, we have created a right under the Pennsylvania Constitution to be free from an unreasonable intrusion employing a canine sniff. *Commonwealth v. Johnston*, 515 Pa. 454, 530 A.2d 74 (1987). Accordingly, guidelines were formulated to regulate such intrusions. *Id.* However, in California,

there is no such constitutional right and, consequently, no accompanying restrictions on its execution.

■ Assuming, arguendo, that the trial court properly applied Pennsylvania law to the present case, we find that reasonable suspicion existed to justify the canine sniff. In *Johnston*, reasonable suspicion was found based on the officer's observation of an individual carrying a parcel the same size and shape as the bales frequently used to transport marijuana. *Johnston*, 530 A.2d at 80. In the present case, Agent Kessler observed appellees pay $77.00 in cash to ship a package with a non-existent return address and a phone number not consistent with the named sender, Ceramics, Inc. Further, Agent Kessler was lawfully in the Federal Express office where he observed the shipment. We find these facts sufficient to establish reasonable suspicion.

■ The canine sniff of appellees' package was legally conducted pursuant to California law, no law of this Commonwealth was violated and the rights of Pennsylvania citizens were not infringed. We will not "hinder our law enforcement agencies by needless restrictions upon their use of information and evidence that properly comes to their attention." *Bennett*, 369 A.2d at 494–495. Even if we were to apply Pennsylvania law, we find reasonable suspicion under the present facts. Accordingly, the evidence obtained subsequent to the canine sniff could properly support a Pennsylvania search warrant. The order of the trial court granting appellees' suppression motions and requests for habeas corpus are reversed, and we remand for new trials consistent with this opinion.[3]

Reversed and remanded; jurisdiction relinquished.

BECK, J. files a concurring opinion.

3. Appellees contend that the Commonwealth waived its right to appeal the grant of habeas corpus by failing to raise it specifically in its Concise Statement of Matters Complained of on Appeal. The Commonwealth filed a supplemental brief addressing this issue. Since the sole basis for granting appellees' request for habeas corpus was the trial court's suppression of all the evidence, we find that the Commonwealth

BECK, Judge, concurring.

I concur in the result and also join in much of the majority's rationale. I believe, however, that the majority unnecessarily delves into a discussion of substantive and procedural rights that does not advance our position. I would simply hold that the facts of this case are governed by *Commonwealth v. Bennett*, 245 Pa.Super. 457, 369 A.2d 493 (1976), which in my opinion is directly on point. I am particularly persuaded by the following language from *Bennett*, which is equally applicable to this case:

> The information in question was derived through a wiretap legally authorized by the Superior Court of New Jersey pursuant to the New Jersey Wiretapping and Electronic Surveillance Control Act. While it is conceded that this information could not have been legally obtained under the laws of this Commonwealth had the wiretap occurred within our boundaries, the fact has no effect on information obtained in a sister state ...

> \* \* \* \* \* \*

> If the legislature of a sister state or foreign jurisdiction determines that wiretapping will be permitted within its borders, we will not, under the present laws of Pennsylvania, question that decision. Nor should we hinder our law enforcement agencies by needless restrictions upon their use of information and evidence that properly comes to their attention.

*Bennett, supra* at 460–61, 369 A.2d at 494–95. I think *Bennett* controls this case, and therefore concur.

properly preserved the habeas corpus issue by appealing the suppression of the evidence. *Commonwealth v. Hamme,* 400 Pa.Super. 537, 583 A.2d 1245 (1990).