J-S67021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN SCHEFFLER | |
| Appellant | No. 833 EDA 2016 |

Appeal from the Judgment of Sentence entered on January 29, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at Nos.: CP-48-CR-0002423-2015 & CP-48-CR-0002507-2015

BEFORE: ELLIOT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.                    **FILED OCTOBER 11, 2016**

John Scheffler appeals from the judgment of sentence to serve two and one-half to five years' incarceration plus $17,861.00 restitution, entered on January 29, 2016, after he pleaded guilty to two counts of burglary, following the denial of his motion to suppress DNA evidence. We affirm.

At the pre-trial hearing in this matter, the parties stipulated to the following facts. In 2014, police conducted an investigation that implicated Appellant in a string of burglaries in Northampton County. During this investigation, Appellant's co-conspirator signed a written statement admitting that she and Appellant burglarized two residences in Forks Township. (Case No. 2507-2015). Several witnesses also identified Appellant's car, license plate, and physical build, implicating him in other

---

*Former Justice specially assigned to the Superior Court.

burglaries in Williams Township and Upper Mount Bethel Township. (Case No. 2423-2015). In addition, police found a cigarette butt at one of the burglarized residences. Police submitted the cigarette butt for DNA testing to the Combined DNA Index System (CODIS) in an attempt to identify the DNA donor.

Based on the CODIS results, Pennsylvania Police sought a New Jersey warrant to obtain a DNA sample from Appellant who was incarcerated in Warren County, New Jersey at the time.[1] A Pennsylvania state trooper prepared an affidavit to secure a warrant. In March 2015, the Warren County prosecutor submitted the affidavit to the Honorable Robert B. Reed of the Superior Court of New Jersey, who determined the affidavit to have probable cause. Judge Reed issued a warrant, authorizing the New Jersey police to take buccal swabs from Appellant.[2] The DNA test results confirmed that Appellant's DNA matched the evidence found on the cigarette butt at the crime scene in Pennsylvania.

In June 2015, the Commonwealth brought charges against Appellant for Case Nos. 2507-2015 and 2423-2015 in a consolidated case. In August 2015, Appellant pleaded guilty but withdrew his guilty plea in October 2015.

---

[1] In October 2014, Appellant pleaded guilty to burglaries committed in 2011, 2012, and 2013 in New Jersey.

[2] A Pennsylvania officer accompanied a New Jersey officer to the Warren County jail to obtain the DNA sample.

In January 2016, Appellant filed a motion to suppress the DNA results. The trial court denied Appellant's motion to suppress the DNA evidence. On the same day, Appellant agreed to plead guilty to two counts of burglary. *See* 18 Pa.C.S. § 3502(a)(2). Appellant specifically preserved his right to challenge the trial court's suppression ruling. Appellant filed a timely Pa.R.A.P. 1925(b) statement. In March 2016, the trial court filed its opinion relying on its January 2016 opinion.

Appellant presents one question on appeal.

1. Should DNA evidence taken subject to a warrant in New Jersey at the request of the Pennsylvania State Police, based solely on the facts occurring in Pennsylvania, and used solely for prosecution in Pennsylvania be suppressed as gained constitutionality?

Appellant's Brief at 7.

As the Commonwealth prevailed below, we review the denial of Appellant's motion to suppress pursuant to the following standard:

[W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

***Commonwealth v. Jackson***, 907 A.2d 540, 542 n.6 (Pa. Super. 2006) (quoting ***Commonwealth v. Bomar***, 826 A.2d 831, 842 (Pa. 2003)). In this case, "we need only determine whether the application for the search warrant and accompanying affidavit was sufficient to establish probable

- 3 -

cause for the search warrant under Pennsylvania law." ***Commonwealth v. Dennis***, 618 A.2d 972, 980 (Pa. Super. 1992) (citations omitted).

Notably, Appellant failed to, ***inter alia***, support his claim with citation to relevant authority, develop the legal issue, and challenge the warrant in a meaningful way, risking waiver on both arguments. ***See McEwing v. Lititz Mut. Ins. Co.***, 77 A.3d 639, 647 (Pa. Super. 2013).[3] Notwithstanding, Appellant's failure to cite relevant legal authority and develop the issue has not hindered our review of his appeal.

First, Appellant argues that the trial court erred when it denied his motion to suppress DNA evidence because it was taken "solely for the purpose of prosecution in Pennsylvania" without a warrant issued by a Pennsylvania court. Appellant's Brief at 8. Appellant contends that Pennsylvania police exceeded their authority when they obtained a warrant to take Appellant's DNA sample while Appellant was incarcerated in New Jersey. Appellant's argument is without merit.

The relevant Pennsylvania Rule of Criminal Procedure states: "[a] search warrant may be issued by any issuing authority within the judicial

---

[3] Appellant cites cases that do not support his position, including: ***Camara v. S.F. Mun. Ct.***, 387 U.S. 523, 528 (1967) (establishing that Fourth Amendment warrant requirement applies to searches of private dwellings for suspected violations of California housing code); ***New Jersey v. T.L.O.***, 469 U.S. 325 (1985) (establishing a reasonableness standard for warrantless searches in a public school setting based on the substantial interest in maintaining discipline in the classroom and on school grounds).

district wherein is located either the person or place to be searched." **See** Pa.R.Crim.P. 200. This statute plainly authorizes Pennsylvania courts to issue a warrant where it has jurisdiction over "the place or person to be searched." **_Id_**. It follows that police officers must obtain warrants from the jurisdiction where the person, places, or effects to be searched or seized are located. **See _id._; see also Commonwealth v. Ryan**, 400 A.2d 1264, 1268 (Pa. 1979) (concluding that failure to recognize valid warrants issued in the appropriate jurisdiction would lead to illogical results because judges' authority to issue warrants is limited to the confines of their judicial district). Both Pennsylvania and New Jersey have adopted the same "totality of circumstances test" for evaluating probable cause. **See Dennis**, 618 A.2d at 616-17 & n.6 (citing **State v. Novembrino**, 519 A.2d 820 (N.J. 1985)).[4] Officers may use evidence seized pursuant to a warrant obtained through the cooperation among officers in Pennsylvania and New Jersey in Pennsylvania proceedings. **See Commonwealth v. Corbo,** 440 A.2d 1213, 1215 (Pa. 1980).

In this case, Pennsylvania Police needed to work with officials outside of Pennsylvania because Appellant was incarcerated New Jersey at the time.

---

[4] New Jersey has "consistently characterized probable cause as a common-sense practical standard for determining the validity of a search warrant." **Novembrino**, 519 A.2d at 835; **see also State v. Kasabucki**, 244 A.2d 101, 116 (N.J. 1987) (balancing of government need for enforcement of criminal law against citizens' privacy right).

The assistance of a New Jersey police officer was necessary to execute the warrant. *See Commonwealth v. Kunkel*, 408 A.2d 475, 476-77 (Pa. Super. 1978) (motion to suppress reversed: warrant was not defective just because police officers were acting beyond the scope of their jurisdiction).[5] Appellant's suggestion that "Pennsylvania Courts have imposed higher standards on searches and seizures" than New Jersey courts also fails. Appellant's Brief at 10. Based on *Dennis*, the trial court did not err in concluding that the New Jersey warrant satisfied the standards for obtaining a warrant in Pennsylvania. Therefore, the trial court's ruling was correct, "under the Pennsylvania standard or the New Jersey Standard, the search warrant was supported by sufficient probable cause." Trial Court Opinion, 01/29/2016, at 3.

Appellant's second argument maintains that he had "no way to challenge the efficacy of the warrant in Pennsylvania Court." Appellant's Brief at 8. However, his argument fails because it is the challenge to the warrant that is the very basis of his appeal. *See Commonwealth v. Hallowell*, 383 A.2d 909, 912 (Pa. 1978) (holding that Appellant was entitled to rehearing on suppression motion because he did not know about the evidence until trial and "the opportunity did not previously exist" to

---

[5] "[T]he Rules of Criminal Procedure do not prescribe procedures for the delivery of the warrant from the issuing magistrate to the executing officer, nor do we believe that a prescription is necessary." *Kunkel* 408 A.2d at 477.

challenge it).[6] Appellant had notice when the evidence was seized that a Pennsylvania police officer was present when the New Jersey officer took the DNA sample and that the Commonwealth would use the DNA evidence in the Pennsylvania proceeding. Unlike in **Hallowell**, Appellant had an opportunity to challenge the warrant in his pretrial motion to suppress the DNA evidence. Accordingly, Appellant's second argument is devoid of merit.

Even if Appellant had raised the argument that the warrant lacked probable cause, we hold that the warrant and the evidence obtained therefrom were admissible in the Pennsylvania proceedings.[7] For the reasons above, we discern no error in the trial court's decision to deny Appellant's pretrial motion. Accordingly, he is entitled to no relief.

Judgment of sentence affirmed.

Ford Elliot, P.J.E. Joins the Memorandum.

_____

[6] Contrastingly, a defendant may have grounds for suppression if he did not know about the evidence before trial. **See Hallowell**, 383 A.2d at 912.

[7] Appellant does not challenge whether there was probable cause for the New Jersey court to issue the warrant, failing to address **Dennis**, 618 A.2d at 980. "Probable cause exists when an officer has knowledge of sufficient facts and circumstances, gained through trustworthy information, to warrant a prudent man to believe that the person seized has committed a crime." **See Commonwealth v. Kohl**, 615 A.2d 308, 315 (Pa. 1992). The affidavit established probable cause through: (1) information obtained by the Police from a co-defendant/co-conspirator, and (2) Appellant's DNA found on a cigarette butt found at one of the burglarized residences.

Stevens, P.J.E. Concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016