652 A.2d 925

COMMONWEALTH of Pennsylvania

v.

Martin J. RAGAN, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 3, 1994.

Filed Jan. 20, 1995.

508

Kim W. Riester, Pittsburgh, for appellant.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before HUDOCK, SAYLOR and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgment of sentence entered September 27, 1993 for driving under the influence of alcohol, pursuant to 75 Pa.C.S. § 3731(a)(1) and speeding. Appellant, Martin J. Ragan, presents the following issues for our review:

1. Whether appellant was denied a fair trial when the learned lower court failed to exclude testimony relating to the results of "performance" or "field sobriety" tests because:

A. The court's ruling that the police officer was offering lay, as opposed to expert testimony was erroneous.

B. The test results were unreliable and have not gained requisite acceptance in the scientific community.

C. The test were not performed by qualified, trained personnel.

D. The tests were not administered properly.

E. The tests were compelled in violation of the appellant's constitutional rights.

2. The conviction for driving under the influence of alcohol must be reversed because the explained odor of alcohol due to the ingestion of 45% alcohol contained in a mouth deodorizer, coupled with a mere speeding violation without any evidence of unsafe or erratic driving, and perceived inadequacies in the performance or field sobriety tests is insufficient, as a matter of law.

Appellant's Brief at 5. For the reasons set forth below, we affirm.

On March 1, 1990, at approximately 1:14 a.m., Sergeant Robert Williams, of the Upper St. Clair Police Department, observed appellant driving in an erratic manner on Gilkeson

Road in Mt. Lebanon Township at a high rate of speed. The sergeant followed appellant, in an unmarked police car, for approximately five miles, during which time appellant accelerated from 45 to 66 miles an hour in the 40 mile an hour zone. Sergeant Williams thereafter, activated the police car lights in an attempt to pull appellant over. When appellant did not stop, Sergeant Williams radioed for assistance. With the help of an officer in a marked police car, appellant was eventually stopped, when the two cars formed a roadblock. Upon approaching appellant, the officers detected the odor of alcohol on appellant's breath. Appellant was asked to exit his car and the officers administered three field sobriety tests: "one leg stand," "finger to nose" and "walking in a straight line". At the conclusion of the field sobriety tests, appellant was taken to the police station, where a breathalyzer test was conducted. Appellant was subsequently arrested and charged with driving under the influence of alcohol to a degree which rendered him incapable of safe driving;[1] driving under the influence of alcohol 0.1%;[2] and speeding.[3]

On June 27, 1993, appellant filed omnibus pre-trial motions seeking, in part, to suppress evidence obtained from the field sobriety tests and the breathalyzer. The Commonwealth agreed not to present evidence of the breathalyzer results and appellant's remaining pre-trial motions were denied. Following a bench trial on March 8, 1993, appellant was convicted of driving under the influence of alcohol to a degree which rendered him incapable of safe driving and speeding. Appellant was sentenced to thirty (30) days to twelve (12) months imprisonment, ordered to pay the costs of prosecution and fines totalling five hundred and thirty-five dollars ($535.00) and required to attend a driving school. Post-verdict motions were filed and denied. This timely appeal followed.

First, appellant contends that the trial court erred in admitting the results of the field sobriety tests as the Commonwealth had failed to demonstrate that the tests had attained

1. 75 Pa.C.S. § 3731(a)(1).
2. 75 Pa.C.S. § 3731(a)(4).
3. 75 Pa.C.S. § 3362.

scientific reliability for proving intoxication. In supporting his argument, appellant refers this court to its recent decisions in *Apollo* and *Miller*. *See Commonwealth v. Apollo*, 412 Pa.Super. 453, 603 A.2d 1023 (1992), *appeal denied* 531 Pa. 650, 613 A.2d 556 (1992); *Commonwealth v. Miller*, 367 Pa.Super. 359, 532 A.2d 1186 (1987).

In *Apollo*, this court held that the results of the "horizontal gaze nystagmus" (HGN) field sobriety test were inadmissible to prove intoxication. *Apollo*, 412 Pa.Super. 453, 603 A.2d 1023. In excluding the results of the HGN test, the *Apollo* court accepted the position previously enunciated in *Miller*, that the results of the HGN test constituted scientific evidence.[4] The court stated that the results of the HGN test were based on the theory that the consumption of alcohol results in a type of gaze nystagmus detectable by the HGN test. *Id. See also Miller*, 367 Pa.Super. 359, 532 A.2d 1186. As the Commonwealth had failed to demonstrate that the underlying theory of the HGN test had attained the general acceptance of scientists knowledgeable in the area of intoxication, the results of the HGN test were held inadmissible. *Apollo*, 412 Pa.Super. 453, 603 A.2d 1023 (1992). *See also Miller*, 367 Pa.Super. 359, 532 A.2d 1186 (the admissibility of scientific evidence is contingent upon a demonstration that the evidence has attained the general acceptance of its validity by scientists active in the field).

Here, the Commonwealth proffered into evidence, appellant's arrest report, containing the results of appellant's performance on the "one leg stand", "finger to nose" and "walking in a straight line" field sobriety tests. The Commonwealth, however, did not present expert testimony attesting to the general acceptance by the scientific community of these three field sobriety tests for proving intoxication. Appellant therefore concludes that as in *Apollo* and *Miller*, the instant field sobriety test results are inadmissible.

4. Scientific evidence consists of "evidence that draws its convincing force from some principle of science, mathematics or the like." *Miller*, 367 Pa.Super. 359, 532 A.2d 1186.

■ The three sobriety tests, which we here review, are grounded in theories which link an individual's lack of coordination and loss of concentration, with intoxication. This interrelationship is also recognized in what is generally accepted as the common indicia of intoxication, within the understanding and experience of ordinary people. *See Commonwealth v. Bowser,* 425 Pa.Super. 24, 624 A.2d 125 (1993), *appeal denied* 537 Pa. 638, 644 A.2d 161 (1994), *cert. denied Bowser v. Pennsylvania,* —— U.S. ——, 115 S.Ct. 186, 130 L.Ed.2d 120 (1994). In fact, non-expert testimony is admissible to prove intoxication where such testimony is based upon the witness' observation of the defendant's acts and speech and where the witness can opine as to whether the defendant was drunk. *Id.*

■ In the instant case, the contents of the arrest report detailed appellant's performance of the field sobriety tests. The evidence revealed that appellant was unable to follow simple instructions or to walk upright without stumbling, swaying or seeking support. Unlike the evidence provided by the HGN test in *Apollo* and *Miller,* appellant's performance of the field sobriety tests is reflective of the ordinary signs of intoxication discernable by a layperson. Therefore, the evidence of appellant's performance of the field sobriety tests were properly admitted at trial.[5] Moreover, as Sergeant Williams observed appellant's actions, he could render an opinion as to whether appellant was intoxicated. *Commonwealth v. Neiswonger,* 338 Pa.Super. 625, 488 A.2d 68 (1985) (officer may render opinion as to a defendant's state of intoxication).

Next, appellant argues that evidence derived from the field sobriety tests should have been excluded at trial as violative of appellant's Fourth and Fifth Amendment rights. We address these claims *in seriatim.*

5. As we have concluded that in administering the field sobriety tests, Sergeant Williams was able to elicit ordinary signs of intoxication and as we have examined appellant's performance of the tests rather than the results of those tests, i.e. whether appellant "passed" or "failed", we need not review appellant's claims that the tests were not properly administered or that Sergeant Williams who had been a police officer for sixteen years, was unqualified to administer the tests.

Initially, appellant contends that the results of the field sobriety tests constituted physical evidence compelled in violation of the Fourth Amendment.

An officer may conduct a lawful traffic stop if he reasonably believes that a provision of the Motor Vehicle Code has been violated. 75 Pa.C.S. § 6308. *Commonwealth v. McElroy*, 428 Pa.Super. 69, 630 A.2d 35 (1993). Here, Sergeant Williams stopped appellant for driving 60 miles an hour in a 40 mile an hour zone. 75 Pa.C.S. § 3362. The smell of alcohol on appellant's breath, alerted the officers that appellant may have been driving while intoxicated.

Under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), an officer may stop and briefly detain an individual in order to conduct a limited investigation if the officer has a reasonable suspicion, based on specific and articulable facts that criminal activity is afoot. *Commonwealth v. Toanone*, 381 Pa.Super. 336, 553 A.2d 998 (1989). As Sergeant Williams had good reason to believe that appellant was intoxicated, he was justified in asking appellant to perform the sobriety tests. *See Commonwealth v. Hamme*, 400 Pa.Super. 537, 583 A.2d 1245 (1990); *Toanone*, 381 Pa.Super. 336, 553 A.2d 998. Therefore, the field sobriety tests were not conducted in violation of appellant's Fourth Amendment rights.

Appellant also argues that evidence of his slurred speech was procured in violation of his Fifth Amendment rights. Specifically, appellant argues that his statement to the officers that he understood their instructions constituted a constitutionally protected "communication".

The Fifth Amendment of the United States Constitution and Article 1, Section 9, of the Pennsylvania Constitution, "protect an accused from being compelled to testify against himself or otherwise provide the state with incriminating evidence of a testimonial or communicative nature." *See Schmerber v. California*, 384 U.S. 757, 761, 86 S.Ct. 1826, 1830, 16 L.Ed.2d 908 (1966); *Commonwealth v. Conway*, 368 Pa.Super. 488, 534 A.2d 541 (1987), *appeal denied* 520 Pa. 581,

549 A.2d 914 (1988). Evidence of speech derived from field sobriety tests, may be afforded protection under the Fifth Amendment, where such evidence is determined to be testimonial or communicative, incriminating and coerced by police conduct. *Commonwealth v. Monahan*, 378 Pa.Super. 623, 549 A.2d 231 (1988), *appeal denied* 522 Pa. 574, 559 A.2d 36 (1989). Moreover, where, as here, a defendant, stopped under suspicion of driving under the influence, responds to a police inquiry concerning the defendant's understanding of field sobriety tests, evidence of the content or manner of the defendant's speech is inadmissible at trial, absent a waiver of the protections afforded under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *Conway*, 368 Pa.Super. 488, 534 A.2d 541. As appellant did not waive his *Miranda* rights, evidence of the manner of his response to the officers should have been excluded at trial.

█ Here, however, appellant has failed to demonstrate that Sergeant Williams' conclusion that appellant's speech was slurred derived from the officer's questions concerning the field sobriety tests. In fact, Sergeant Williams had other opportunities to observe appellant's manner of speech. Specifically, appellant spoke to the sergeant concerning what should be done with appellant's car while he was at to the police station. *Commonwealth v. Ramin*, 390 Pa.Super. 591, 568 A.2d 1329 (1990) (voluntary statements are not barred by the Fifth Amendment). Sergeant Williams also gathered certain biographical information from appellant. *Id.* ("[q]uestions which seek nonincriminating biographical data do not amount to 'police interrogation' "). As appellant has failed to prove that his communications with the sergeant during the field sobriety tests were the sole source of the sergeant's observation of his speech, we must deny appellant his requested relief.

Next, appellant contends that the odor of alcohol smelt by the officers when they stopped appellant was due to appellant ingestion of a mouth deodorizer.

 Here, the officers detected the odor of alcohol on appellant's breath shortly after they had stopped appellant. Sometime thereafter, as appellant was being transported to the police station, he was observed sucking a breathdrop. However, there was no evidence that at any time prior to that, appellant had a breathdrop in his mouth. Moreover, there is no evidence that the breathdrop contained alcohol.[6] As appellant presented no evidence, at trial, of the source of the odor of alcohol, at the time he was stopped by the officers, the evidence is sufficient to demonstrate that the odor was due to appellant's state of intoxication.[7] *Commonwealth v. Weis*, 416 Pa.Super. 623, 611 A.2d 1218 (1992) (Commonwealth is not required to disprove all possible defense theories before instituting criminal charges).

 Appellant also challenges the sufficiency of the evidence to support a conviction for driving under the influence of alcohol to a degree which rendered him incapable of safe driving, pursuant to 75 Pa.C.S. § 3731(a)(1).

We note that in order to sustain an conviction under 75 Pa.C.S. § 3731(a)(1), the Commonwealth must prove that: (1) the defendant was operating a motor vehicle; (2) the defendant was intoxicated; and (3) as a result of the alcohol consumed the defendant was incapable of safe driving. *See Weis*, 416 Pa.Super. 623, 611 A.2d 1218. Moreover, in reviewing a sufficiency of the evidence claim, the test is:

> whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the jury could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt.

*Commonwealth v. Hardcastle*, 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988) (citations omitted), *cert. denied Hardcastle v.*

6. We note, that there is no exception under 75 Pa.C.S. § 3731 for intoxication resulting from ingestion of alcohol-based breathdrops.

7. The source of the odor of alcohol is irrelevant for the purpose of suppression of evidence. It is sufficient that the odor itself gave the officers reason to believe that appellant was intoxicated. *Hamme*, 400 Pa.Super. 537, 583 A.2d 1245.

*Pennsylvania,* 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990).

Here, the evidence demonstrated that appellant was the only person in car when it was stopped for speeding. *Commonwealth v. Price,* 416 Pa.Super. 23, 610 A.2d 488 (1992) (Commonwealth must prove that the defendant was driving). Sergeant Williams also testified that appellant's breath smelt of alcohol and his eyes were glassy. Further, appellant had difficulty walking and tended to sway and stumble and was unable to stand without holding onto his car for support. Appellant was also unable to follow simple instructions. Moreover, appellant's speeding and his inability to drive within the road lanes led Sergeant Williams to conclude that appellant's intoxication rendered him incapable of safe driving. *Neiswonger,* 338 Pa.Super. 625, 488 A.2d 68 (officer may render opinion as to a defendant's state of intoxication as well as his ability to drive safely). Therefore, the evidence is sufficient to demonstrate that appellant was driving under the influence of alcohol which rendered him incapable of safe driving. *See also Hamme,* 400 Pa.Super. 537, 583 A.2d 1245. Accordingly, we affirm judgment of sentence.

Affirmed.