681 A.2d 1357

**COMMONWEALTH of Pennsylvania**

v.

**Brian DRAKE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 20, 1996.

Filed July 30, 1996.

---

James A. Zurick, Shamokin, for appellant.

Robert B. Sacavage, District Attorney, Mt. Carmel, for Commonwealth, appellee.

Before KELLY, EAKIN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Appellant, Brian Drake, appeals from the judgment of sentence entered in the Court of Common Pleas of Northumberland County on November 14, 1995. We affirm.

The trial court adequately set forth the facts of this case as follows:

[O]n October 18, 1994, State Trooper McGinley [and] Trooper Foulds[ ] were on routine patrol[ ] when they observed

[appellant] traveling in the opposite direction in a motor vehicle lacking an inspection sticker. The Troopers made a U-turn, by which time [appellant] had pulled into a private driveway. [Appellant] was unable to produce his driver's license [upon request and his] speech was confused. Additionally, [he] either continuously paced in a nervous manner or leaned on his vehicle. [Appellant] did not stand still during the Trooper's questions concerning the missing inspection sticker. Trooper McGinley then observed [appellant's] glassy eyes and [noticed a] strong odor of alcohol. Trooper McGinley asked [appellant] to recite the alphabet, which [he] was unable to accomplish. [Appellant] was then asked to touch each finger in succession with his thumb as he counted to four. [Appellant] failed to successfully accomplish this task.

The Trooper then administered the standardized field sobriety tests. [Appellant] failed both the nine step walk and turn as well as the one leg stand. At this time [appellant] was arrested for DUI. An empty cooler was discovered in the back seat of the vehicle as well as an open can of beer on the floor in front of the passenger [seat]. While in the back seat of the Trooper's vehicle, [appellant] was Mirandized and read the Implied Consent Warning. [Appellant] initially replied that he would take a breath test. The Trooper than [sic] proceeded to ask the questions supplied on a Standardized Intoxication Report. Included on the form is the question whether the driver was now under the influence of alcohol. [Appellant] replied in the affirmative. Later, at the Selinsgrove Barracks, [appellant] refused the breath test.

Trial court opinion, 2/29/96 at 1–2 (footnote omitted). Appellant's refusal to submit to a chemical alcohol test on the date of his arrest resulted in suspension of his driver's license for a period of one year.[1] Following trial, appellant was found guilty on September 22, 1995, of driving under the influence of alcohol,[2] restriction on alcoholic beverages,[3] and failure to

1. 75 Pa.C.S.A. § 1547(b).
2. 75 Pa.C.S.A. § 3731(a)(1).
3. 75 Pa.C.S.A. § 3715(a).

carry a driver's license.[4] He was thereafter sentenced to partial confinement for a period of 40 days to 23 months. Additionally, appellant was ordered to complete an alcohol safety program and to pay various costs and fines.[5] This timely appeal, setting forth five issues for our review, followed.

■ At trial, appellant took the stand on his own behalf and recounted his activities on the day of his arrest. On cross-examination, Assistant District Attorney William Cole asked appellant "did you pull into that [private] driveway because at that time you were drinking and you wanted to avoid a confrontation with the police?" N.T., 9/22/95 at 109. In response, appellant testified that he had stopped only to see if a truck was for sale and that, earlier in the day, he had similarly gone to the residence of an individual named Joseph Remash to inspect and possibly purchase a truck which was for sale. *Id.* at 94, 95, 109. In his first allegation of trial court error, appellant claims that the trial court improperly precluded him from presenting the testimony of Mr. Remash to corroborate his explanation for stopping in the driveway immediately before his arrest. Further, appellant claims that Mr. Remash could have testified that he was not intoxicated at the time of his visit to Mr. Remash's home.

Our review of the record establishes that the proffered testimony was merely partially corroborative of appellant's statements since Mr. Remash could only verify that appellant had come to inspect his truck during the month of October but could not recall the exact date. *See id.* at 51–53. Further, such testimony would have been, at most, cumulative of appellant's own representations at trial. Assuming, *arguendo*, that the trial court abused its discretion in not admitting the testimony of Mr. Remash, any prejudice that appellant may have suffered would, therefore, have been *de minimus* in light of the overwhelming evidence presented against him. Accord-

4. 75 Pa.C.S.A. § 1511(a).

5. The trial court order also directs the Department of Transportation not to restore, once suspended, appellant's motor vehicle operating privileges until he has satisfied all of the financial obligations imposed.

ingly, we find that such an error would have been harmless. *See Commonwealth v. Foy*, 531 Pa. 322, 326–28, 612 A.2d 1349, 1352 (1992). Appellant's first claim is, therefore, meritless.

■ Next, appellant claims that the trial court erred in allowing the introduction at trial of two sobriety tests. Specifically, appellant claims that the tests requiring him to recite the alphabet and count his fingers are inadmissible since the measure of his performance on such is not determinable based upon objective criteria but, instead, is within the discretion of the observing police officer.

Recently, in *Commonwealth v. Ragan*, 438 Pa.Super. 505, 652 A.2d 925 (1995), we reviewed the admissibility of the results of the "finger to nose" sobriety test as well as the "one leg stand" and "walking in a straight line" tests. In finding the results of all three tests to be admissible we stated that:

> The three sobriety tests, which we here review, are grounded in theories which link an individual's lack of coordination and loss of concentration, with intoxication. This interrelationship is also recognized in what is generally accepted as the common indicia of intoxication, within the understanding and experience of ordinary people. *See Commonwealth v. Bowser*, 425 Pa.Super. 24, 624 A.2d 125 (1993), *appeal denied*, 537 Pa. 638, 644 A.2d 161 (1994), *cert. denied, Bowser v. Pennsylvania*, —— U.S. ——, 115 S.Ct. 186, 130 L.Ed.2d 120 (1994). **In fact, non-expert testimony is admissible to prove intoxication where such testimony is based upon the witness' observation of the defendant's acts and speech and where the witness can opine as to whether the defendant was drunk.** *Id.*

*Ragan*, 438 Pa.Super. at 511–12, 652 A.2d at 928 (emphasis added). We find that the challenged tests requiring appellant to count his fingers back and forth with his thumb as well as recite the alphabet are admissible under this standard. Both tests allow an ordinary observer to form an opinion as to whether an individual is intoxicated based upon that individual's coordination and concentration as demonstrated by his or her acts and speech. Moreover, our Supreme Court has

explicitly allowed the admission into evidence of the results of a field test designed to determine whether a suspect is intoxicated by testing his or her ability to recite the alphabet. *Commonwealth v. Peth,* 522 Pa. 136, 560 A.2d 139 (1989). Accordingly, appellant's second contention is clearly meritless.

Third, appellant claims that the trial judge erred in instructing the jury as follows:

> Now, the Commonwealth argues that the testimony tended to show that the Defendant refused to give a sample of his breath indicates that he was conscious that he was guilty of Driving Under the Influence.

N.T., 9/22/95 at 128–9. Appellant argues that, contrary to this instruction, the Commonwealth did not argue, at trial, that appellant's failure to take the breath test was indicative of a guilty conscience.

Initially, we note that the trial judge followed the challenged comments with the following statement:

> The defense counsel argues that this evidence means no such thing. If you believe that the Defendant was asked for and refused to give samples of his breath for testing, you may consider that fact along with all the other relevant evidence when you are deciding whether the Defendant was under the influence of alcohol. Again, as I said, give the Defendant's refusal whatever weight and meaning you think it deserves.

*Id.* at 129. Appellant's refusal to submit to chemical testing may properly be introduced into evidence. 75 Pa.C.S.A. § 1547(e); *Commonwealth v. McConnell,* 404 Pa.Super. 439, 591 A.2d 288, *alloc. denied,* 529 Pa. 632, 600 A.2d 952 (1991). Consistent with this principle, the Commonwealth elicited extensive testimony from Trooper McGinley regarding appellant's initial agreement to take a breath test and later refusal to do so. *See* N.T., 9/22/95 at 39, 49, 56–59. Clearly, this line of questioning gave rise to the implication that appellant had changed his mind regarding the breath test as a result of his consciousness of his guilt. Pursuant thereto, the trial judge instructed the jury as follows:

Now, in any criminal proceeding in which the Defendant is charged with Driving Under the Influence, the fact that the Defendant refused to submit to chemical testing as required may be introduced into evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence. But it may be considered along with other factors concerning the charge. Consider all the relevant evidence when you are deciding whether the Commonwealth has proven beyond a reasonable doubt that the Defendant was under the influence of alcohol to a degree that made him incapable of safe driving.

*Id.* at 128. The judge's instructions on the issue of the breath test, viewed as a whole, adequately, accurately, and clearly presented the law to the jury and were sufficient to guide the jury in its deliberations. Accordingly, the challenged instruction was not inappropriate and we find no error on the part of the trial court as alleged. *See Commonwealth v. Rosario–Hernandez,* 446 Pa.Super. 24, 666 A.2d 292 (1995).

Appellant next claims that the trial court erred in precluding him from introducing into evidence a student manual relating to standardized field sobriety testing published by the Commonwealth of Pennsylvania Department of Education. Appellant sought admission of this manual in order to impeach the testimony of Trooper McGinley by establishing that he had improperly administered both the "one leg stand" and the "walk and turn" sobriety tests. Appellant fails, however, to set forth the manner in which he believes that the Trooper erred in administering the questioned sobriety tests and also how the manual would have been relevant in establishing such. Instead, appellant makes the bald allegation that it was error for the trial court to fail to admit the manual into evidence. We decline to become appellant's counsel and will not, therefore, consider issues, such as these, which are not fully developed in his brief. *See Commonwealth v. Sanford,* 299 Pa.Super. 64, 67, 445 A.2d 149, 150 (1982).

Finally, appellant contends that his September 22, 1995, convictions violate the United States Constitution and

the Pennsylvania Constitution. Specifically, appellant claims that the suspension of his driver's operating privileges constituted punishment and that it was violative of double jeopardy principles to charge him further and impose additional penalties. We disagree.

Appellant claims double jeopardy protection against multiple prosecution and punishment for the same crime. *See Commonwealth v. Micklos,* 448 Pa.Super. 560, 672 A.2d 796 (1996). Obviously, in addressing appellant's claim, we must, at the outset, determine whether the license suspension and subsequent criminal prosecution relate to the same offense. Since we find that they do not, appellant's convictions are not precluded as he alleges.[6] *Id.*

In considering whether crimes are the same under the double jeopardy clause, this Commonwealth has long followed the "same-elements" test set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Commonwealth v. Caufman,* 541 Pa. 299, 303, 662 A.2d 1050, 1052 (1995) (quotations omitted). This test "requires a comparison of the elements of the offenses to determine whether each offense requires proof of a fact which the other does not." *Id. See also Commonwealth v. Jones,* 542 Pa. 464, 668 A.2d 491 (1995); *Commonwealth v. Allen,* 506 Pa. 500, 486 A.2d 363 (1984). Further, "mere overlap on proof between two prosecutions does not establish a double jeopardy violation." *Id.* In applying this precedent to the instant case, it is evident that the challenged charges of driving under the influence of

6. In so finding, we are relieved of the necessity to address the issue of whether the suspension of appellant's license constitutes criminal punishment subject to double jeopardy principles. While we note that the suspension of driving privileges pursuant to 75 Pa.C.S.A. § 1547(b) is a civil penalty (*Commonwealth v. Wolf,* 534 Pa. 283, 632 A.2d 864 (1993); *Patterson v. Com. Dept. of Trans.,* 136 Pa.Commw. 49, 582 A.2d 700 (1990)), we recognize that the question of whether such a civil sanction is tantamount to criminal punishment for purposes of a double jeopardy is a separate issue. *See generally United States v. Ursery,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (U.S.1996); *Krall v. Pennsylvania,* 903 F.Supp. 858 (E.D.Pa.1995) ("While [appellant] may detect the 'sting of punishment' in the suspension of his license, the suspension does not constitute punishment for the purposes of analysis under the Double Jeopardy Clause.").

alcohol, restriction on alcohol beverages, and failure to carry a driver's license are not barred, on grounds of double jeopardy, by the previous suspension of appellant's driving privileges.

The suspension of driving privileges may result from various violations of the Motor Vehicle Code. *See, e.g.,* 75 Pa. C.S.A. §§ 1532, 1547. Presently, appellant's license was suspended pursuant to 75 Pa.C.S.A. § 1547(b) under which a motor vehicle operator's license may be suspended upon a showing by the Department of Transportation that: (1) the defendant was placed under arrest, (2) he was charged with the operation of a motor vehicle while under the influence of intoxicating liquor, (3) he was requested to submit to a breathalyzer test, and (4) he refused to comply with the test. *Patterson v. Com. Dept. of Trans.,* 136 Pa.Commw. 49, 582 A.2d 700 (1990); *Grabish v. Commonwealth,* 50 Pa.Commw. 246, 247–49, 413 A.2d 431, 432 (1980). Suspension under this section requires proof of elements not required to be proven to establish a violation for those offenses for which appellant was convicted on September 22, 1995. For example, section 1547(b) requires a showing that appellant was requested to submit to chemical testing and, also, that he refused to do so. Further, the crimes appellant alleges are precluded on the basis of double jeopardy all require proof of facts which section 1547(b) does not. A conviction for driving under the influence of alcohol requires proof that appellant drove, operated, or physically controlled the movement of a vehicle while actually under the influence of alcohol. 75 Pa.C.S.A. § 3731. In order to establish a violation of restriction on alcoholic beverages, proof is required of the fact that an individual consumed alcohol in a vehicle while it was in operation. 75 Pa.C.S.A. § 3715(a). Finally, appellant's conviction for failure to carry a driver's license necessitates a showing that the defendant failed to possess a driver's license when driving his vehicle. 75 Pa.C.S.A. § 1511(a). Clearly, therefore, appellant's double jeopardy challenge is meritless. *Caufman, supra.*

Judgment of sentence affirmed.