Laverne MILLER, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 3, 2003.

Decided Nov. 14, 2003.

David B. Chontos, Turtle Creek, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In Charge, Harrisburg, for appellee.

BEFORE: COLINS, President Judge, LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Laverne Miller appeals from an order of the Court of Common Pleas of Westmoreland County (trial court) denying her appeal from a one-year suspension of her operating privilege by the Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to Section 1547(b)(1) of the Vehicle Code.[1]

On September 12, 2002, DOT mailed Miller an official notice of suspension notifying her that her operating privilege was being suspended for one year effective October 17, 2002, as a result of her chemical test refusal on August 24, 2002. Miller appealed the suspension to the trial court which conducted a *de novo* hearing. Based on the evidence presented therein, the trial court found the following facts.

On August 24, 2002, Officer Ronald R. Smuch of the Irwin Borough Police Department observed Miller driving a vehicle in the middle of the road with a blown out rear tire. Officer Smuch stopped Miller and asked her what was wrong. Miller advised Officer Smuch that she was going to Scozio's, which is a grocery store, to have her tire repaired. Officer Smuch directed Miller to pull into a mini-mart which was within fifty yards to put air in her tire. Miller did not obey Officer Smuch's direction to pull into the mini-mart. As Miller continued driving, her vehicle was wobbling and Officer Smuch pulled her over once more.

At that point, Officer Smuch noticed an odor of alcohol on Miller. Miller admitted that she had been drinking. Officer Smuch conducted three field sobriety tests and Officer Smuch testified that Miller failed all three tests. Officer Smuch then placed Miller under arrest for driving under the influence.

Officer Smuch advised Miller that she was going to be transported to the hospital where she would be asked to submit to a blood test. Miller was informed that she would automatically lose her driver's license for one year if she refused to take the blood test. Miller's response was that

---

1. 75 Pa.C.S. § 1547(b)(1). Section 1547(b)(1) governs suspension for refusal and provides as follows:

    (1) If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

Officer Smuch might as well put her in jail because she was not giving blood.

Miller was then taken to Officer Smuch's office where he tried to read her the implied consent warnings. However, Miller yelled over Officer Smuch as he tried to read the warnings. Officer Smuch testified that he asked Miller to listen as he read the warning but she kept yelling that she did not care, lock her up, and that she worked in a lab and knew how it worked. Miller was asked to look at the actual warnings and sign off. Miller refused and yelled very loudly that she did not care and stated that she was not listening to a word. Thus, the implied consent warnings were given orally to Miller. Miller asked for a lawyer and in response, Officer Smuch advised her that she was not entitled to a lawyer. Officer Smuch again asked Miller if she would give the chemical test and again she refused.

At the conclusion of the *de novo* hearing, the trial court dismissed Miller's appeal. This appeal followed.[2]

Herein, Miller raises the following issues for our review: (1) whether the trial court erred when it admitted the conclusive testimony of a police officer derived from his specialized knowledge in the administration of field sobriety tests without satisfying Pennsylvania Rule of Evidence 702 regarding expert testimony; and (2) whether the trial court erred by concluding that reasonable grounds to request a chemical test were present when the totality of all the circumstances demonstrate that Miller was not under the influence of alcohol.

█ It is now a well settled rule of law that in order to sustain a license suspension under Section 1547 of the Vehicle Code, the department must prove that the licensee (1) was arrested for driving under the influence of alcohol or controlled substance by a police officer who had reasonable grounds to believe that the licensee was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol or a controlled substance; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that refusal would result in the revocation of his vehicle operating privilege. *Banner v. Department of Transportation, Bureau of Driver Licensing*, 558 Pa. 439, 737 A.2d 1203 (1999).

█ Miller first argues that the trial court erred when it admitted the conclusionary testimony of Officer Smuch, derived from his specialized knowledge in the administration of field sobriety tests without satisfying Pennsylvania Rule of Evidence 702 [3] regarding expert testimony. Miller contends that while the observations made by Officer Smuch during the administration of the field sobriety tests could be

2. Our scope of review in an operating privilege suspension case is confined to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Ingram*, 538 Pa. 236, 648 A.2d 285 (1994). Questions of credibility and conflicts in the evidence presented are for the trial court to resolve. *Id.* If there is sufficient evidence in the record to support the findings of the trial court we must pay proper deference to it as fact finder and affirm. *Id.*

3. Rule 702 governs testimony by experts and provides that "[i]f scientific, technical or other specialized knowledge beyond that possessed by a layperson will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise." Pa.R.E. 702.

admitted under Pennsylvania Rule of Evidence 701[4] governing lay testimony, Officer Smuch's conclusions, however, would be beyond the level of knowledge of a layperson. Miller argues that whether she was under the influence of alcohol is an issue of fact and Officer Smuch's ability to provide expert testimony by way of conclusions would certainly assist the fact finder in determining that issue. Miller argues further that there is no competent evidence that the principle underlying field sobriety tests, i.e. consumption of alcohol causes one to fail these divided attention exercises, has been generally accepted as valid by the scientific community. Therefore, Miller contends that the trial court used the wrong rule of evidence in admitting Officer Smuch's testimony. Miller argues that Rule 702 should have been used not Rule 701. Thus, Miller asserts that this mistake and the resulting evidence contributed significantly to the trial court's ultimate decision to dismiss Miller's appeal.

In *Commonwealth v. Ragan*, 438 Pa.Super. 505, 652 A.2d 925 (1995), the Superior Court addressed the issue of whether the appellant was denied a fair trial when the trial court failed to exclude testimony relating to the results of "performance" or "field sobriety" tests because, *inter alia:* (1) the trial court's ruling that the police officer was offering lay, as opposed to expert testimony was erroneous; and (2) the test results were unreliable and have not gained requisite acceptance in the scientific community. In holding that the trial court did not err, the Superior Court stated:

The three sobriety tests, which we here review, are grounded in theories which link an individual's lack of coordination and loss of concentration, with intoxication. This inter-relationship is also recognized in what is generally accepted as the common indicia of intoxication, within the understanding and experience of ordinary people. In fact, non-expert testimony is admissible to prove intoxication where such testimony is based upon the witness' observation of the defendant's acts and speech and where the witness can opine as to whether the defendant was drunk.

In the instant case ... appellant's performance of the field sobriety tests is reflective of the ordinary signs of intoxication discernable by a layperson. Therefore, the evidence of appellant's performance of the field sobriety tests were (sic) properly admitted at trial. Moreover, as Sergeant Williams observed appellant's action, he could render an opinion as to whether appellant was intoxicated.

*Ragan*, 652 A.2d at 928 (footnote and citations omitted).

Accordingly, based on the reasoning set forth in *Ragan*, we conclude that the trial court did not err by accepting Officer Smuch's testimony as a layperson and not an expert.

■ Next, Miller argues that the trial court erred by concluding that reasonable grounds existed to believe that Miller was driving under the influence of alcohol. We disagree.

---

4. Rule 701 governs opinion testimony by lay witnesses and provides that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are rationally based on the perception of the witness, helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Pa.R.E. 701.

The standard of reasonable grounds to support a license suspension does not rise to the level of probable cause required for a criminal prosecution. *Banner.* Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist was operating the vehicle while under the influence of intoxicating liquor. *Id.* In determining whether an officer had reasonable grounds to believe that a motorist was in actual physical control of a vehicle, the court must consider the totality of the circumstances. *Id.* Whether reasonable grounds exist is a question of law reviewable by the court on a case by case basis. *Id.*

Initially, we note that Miller concedes that a holding that the trial court did not err in admitting Officer Smuch's opinion testimony that Miller failed all three sobriety tests would make a reasonable cause analysis unnecessary. However, we will address the issue as the trial court found that there were reasonable grounds absent the field sobriety tests.

Herein, Officer Smuch testified that Miller was driving her car with a flat tire and that when he first stopped her she stated that she was going to a grocery store to have the tire fixed. Officer Smuch testified further that he instructed Miller to pull into a nearby mini-mart to put air in her tires and that he would follow her there; however, Miller drove past the mini-mart. Officer Smuch testified further that when he stopped Miller the second time after she failed to pull into the mini-mart, he noticed an odor of alcohol and that when he asked Miller if she had been drinking she responded in the affirmative. In addition, Officer Smuch testified that Miller was very argumentative.

Viewing the foregoing in light of the standard of reasonable cause, we hold that the trial court did not err by concluding that reasonable grounds existed to believe that Miller was driving under the influence of alcohol. Accordingly, the trial court's order is affirmed.

### *ORDER*

AND NOW, this 14th day of November, 2003, the order of the Court of Common Pleas of Westmoreland County in the above captioned matter is affirmed.