J-A19019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMBER WILKINSON | : | |
| | : | |
| Appellant | : | No. 1885 MDA 2017 |

Appeal from the Judgment of Sentence Entered November 2, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004406-2016

BEFORE: GANTMAN, P.J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED OCTOBER 19, 2018**

Appellant Amber Wilkinson appeals from the judgment of sentence imposed following her conviction of driving under the influence[1] (DUI)—general impairment at a non-jury trial. Appellant raises sufficiency and weight of the evidence claims. Appellant also asserts that the trial court improperly permitted a police officer to testify regarding the administration of field sobriety tests when a different officer had administered the tests. We affirm.

On August 22, 2016, at approximately 4:00 p.m., Appellant was operating a vehicle near the intersection of Kidder and Mundy Streets in Wilkes-Barre. Appellant drove through an intersection and hit the front end of another vehicle, ripping off its front bumper. N.T., 9/27/17, at 6.

_____

[1] 75 Pa.C.S. § 3802(a)(1).

Wilkes-Barre City Police Officer Sara Chmielewski immediately responded to a report of the accident. *Id.* at 5. Officer Chmielewski spoke with Appellant and noticed that Appellant's speech was slow and slurred and that Appellant's eyes were "glossy" and red. *Id.* at 7-8. Appellant admitted that she was driving and had taken muscle relaxers "in the last day." *Id.* at 7, 9.

Officer Chmielewski requested that Acting Sergeant Corey Dumont come to the location to conduct field sobriety tests.[2] Once he arrived, Sergeant Dumont asked Wilkinson to perform tests while Officer Chmielewski observed from several feet away. *Id.* at 8, 15. Appellant performed poorly on the field sobriety tests as demonstrated by her lack of balance and inability to count her steps correctly. *Id.* at 9. Appellant was unable to blow into a portable breath test device properly despite being instructed on how to do so. *Id.* at 10. Appellant told the police to "just take [her] in already." *Id.* Appellant was transported to the hospital, where she refused to have her blood drawn, and from there she was transported to the police station. *Id.* at 11, 22-23.

Appellant was charged with DUI—general impairment, and a non-jury trial was held on September 27, 2017. Officer Chmielewski testified for the Commonwealth, and, in relevant part, described Appellant's poor performance

---

[2] Officer Chmielewski was not certified to perform field sobriety tests, although certification was not required to administer the tests. *See* N.T. at 14.

during the field sobriety tests. Appellant's counsel did not object.[3] *See id.* at 8-9. Sergeant Dumont did not testify at trial.

Appellant testified that she did not believe the accident was her fault because the light was green when she went through the intersection. *Id.* at 18. Appellant stated that she had taken one prescribed muscle relaxant the evening before, but suggested that it would not affect her ability to drive because she takes it and uses heavy machinery at work while on the medication. *Id.* at 20, 22. Appellant also stated that she had difficulty completing the field sobriety tests because her sciatica was "acting up" and "the sun was glaring in [her] eyes." *Id.* at 21. Appellant's mother also testified, stating that she knows what Appellant looks like while intoxicated and that Appellant was not intoxicated when she picked her up from the police station around 8:00 p.m. the day of the incident. *Id.* at 26-27.

The trial court found Appellant guilty of DUI—general impairment. On November 2, 2017, the court sentenced Appellant to forty-eight hours to six months of incarceration.[4]

---

[3] Appellant's counsel did object when Officer Chmielewski testified that Appellant took the breath test twice. The trial court overruled the objection because the Commonwealth was not seeking to introduce any results through the testimony, but merely the fact that Appellant was unable to complete the test. *See* N.T. at 10.

[4] Appellant was not subject to an enhanced sentence for her refusal of a blood test.

Appellant filed a timely notice of appeal.[5]  Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the six issues, which we have reordered as follows:

1.  Whether the [trial c]ourt erred in not ruling that the evidence was insufficient as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on the charges[.]

2.  Whether the [trial c]ourt erred in not finding that [Appellant] was innocent as a matter of law as the Commonwealth did not meet its burden of proof that [Appellant] operated her motor vehicle while impaired[.]

3.  Whether the [trial c]ourt erred in finding [Appellant] guilty of the criminal charges because the [c]ourt's verdict was based on insufficient evidence and/or was against the weight of the evidence[.]

4.  Whether the evidence submitted at trial by the Commonwealth was insufficient as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on the charges[.]

5.  Whether the [t]rial [c]ourt improperly admitted into evidence and then relied in error upon responding Officer Chmielewski's testimony as to the methods and manner of the administration of the [f]ield [s]obriety [t]ests by certified Acting Sergeant Corey Dumont, and in permitting Officer Chmielewski to testify as to the conclusions of the officer who administered them, but who was not present in [c]ourt and subject to the cross-examination of [Appellant.]

6.  Whether the [t]rial [c]ourt improperly permitted Officer Chmielewski to express an opinion as to the methods and manner of the administration of the [f]ield [s]obriety [t]ests by Acting Sergeant Corey Dumont, who did not testify at [t]rial[.]

---

[5] The thirtieth day after sentencing fell on December 2, 2017, a Saturday. *See* Pa.R.A.P. 903(a).  Therefore, Appellant's notice of appeal, filed Monday, December 4, 2017, was timely.  *See* 1 Pa.C.S. § 1908.

Appellant's Brief at 4-5.

Appellant's first four issues challenge the sufficiency and weight of the evidence.[6] Appellant asserts that Officer Chmielewski did not observe Appellant driving. *Id.* at 24. Appellant also argues that Officer Chmielewski did not establish she was intoxicated. *See id.* at 24-26. Specifically, Appellant contends that the officer did not explain how she knew Appellant's speech was slurred when the officer had never heard her speak before. *Id.* at 24. Appellant notes that that she had difficulties performing the field sobriety tests because of a back injury and the sun being in her eyes. *Id.* at 24-25. Further, Appellant argues that the trial court "ignored the testimony of [] Appellant and her [m]other and convicted [her]" of DUI—general impairment. *Id.* at 26. Appellant also asserts that "at the [t]rial below, no testimony had been proffered to establish that alcohol was the cause of [Appellant's] alleged impaired ability to drive safely." *Id.* at 27.

It is well-settled that

[t]he standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and

_____

[6] To the extent Appellant raises a challenge to the weight of the evidence, this issue is waived because Appellant raised it for the first time in her Rule 1925(b) statement. *See* Pa.R.Crim.P. 607(A) (providing that a claim that a verdict is against the weight of the evidence must be raised in a motion for a new trial); *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009).

circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa. Super. 2016) (citation omitted), *appeal denied*, 165 A.3d 895 (Pa. 2017).

Section 3802(a)(1) defines DUI—general impairment as follows: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1) (emphasis added). Accordingly, the Commonwealth has the burden of proving "(1) that the defendant was the operator of a motor vehicle and (2) that while operating the vehicle, the defendant was under the influence of alcohol to such a degree as to render him or her incapable of safe driving." *Commonwealth v. Smith*, 831 A.2d 636, 638 (Pa. Super. 2003).

Regarding the type, quantum, and quality of evidence necessary to prove a violation of DUI—general impairment, we note the following:

Section 3802(a)(1), like its predecessor [DUI statute], is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an

accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving . . . . The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. . . . The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol—not on a particular blood alcohol level.

***Commonwealth v. Eichler***, 133 A.3d 775, 790 (Pa. Super. 2016), *appeal denied*, 161 A.3d 791 (Pa. 2016) (citation omitted).  We note that "classic signs of intoxication[ include] red, glassy eyes and slurred, slow speech." ***Commonwealth v. Teems***, 74 A.3d 142, 147 (Pa. Super. 2013).

At the outset, we note that there was ample evidence that Appellant was driving, especially considering that Appellant admitted she was operating the vehicle involved in the accident.  N.T. at 7.  Thus, the first element of the offense of DUI—general impairment was satisfied.  ***See Smith***, 831 A.2d at 638.

As to the second element of DUI—general impairment, requiring that Appellant was operating the vehicle while under the influence, we note that Officer Chmielewski responded to the scene shortly after receiving a report that the accident occurred.  Upon arriving, the officer immediately observed signs that Appellant had consumed alcohol that impaired her ability to drive.

In particular, the evidence that the Commonwealth properly proffered to show that Appellant was impaired by alcohol included that Appellant had slurred speech, red, glossy eyes, and lacked an ability to balance. **See Eichler**, 133 A.3d at 790; **Teems**, 74 A.3d at 147. These indicia of intoxication support an inference that Appellant was impaired by alcohol consumption. **Tucker**, 143 A.3d at 964. Accordingly, the Commonwealth satisfied the second element of DUI—general impairment such that Appellant is not entitled to relief.

Appellant's final two issues regarding Officer Chmielewski's testimony are related and we address them together. Appellant asserts that the trial court improperly allowed Officer Chmielewski to "express an opinion as to the methods and manner of administration of the [f]ield [s]obriety [t]ests by Acting Sergeant Corey Dumont, and to testify as to Acting Sergeant Dumont's conclusions." **Id.** at 19. Appellant further argues that "[b]ecause it required specialized knowledge, Officer Chmielewski's testimony was inadmissible as 'lay opinion,'" and "Officer Chmielewski could not have testified as an expert in this case [because] Officer Chmielewski was not 'qualified' as an expert[.]" **Id.** at 21 (citing Pa.R.E. 701, 702).

Initially, we note that this issue is waived because of the failure of counsel to object at trial to Officer Chmielewski's observations regarding Appellant being off balance and failing to count her steps properly during the field sobriety tests. **See** Pa.R.A.P. 302(a). Additionally, Appellant failed to include this issue in her concise statement. **See Commonwealth v.**

***Barnhart***, 933 A.2d 1061, 1066 n.10 (Pa. Super. 2007) (citation omitted) (indicating that an appellant's failure to include an issue in a Pa.R.A.P. 1925(b) statement results in waiver of the issue).

Even if this issue were not waived, Officer Chmielewski did not testify as an expert and was permitted to provide lay testimony on the subject of Appellant's signs of intoxication.

In general,

> [t]he standard of review employed when faced with a challenge to the trial court's decision as to whether or not to admit evidence is well settled. Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's decision absent a clear abuse of discretion. Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Young***, 989 A.2d 920, 924 (Pa. Super. 2010) (citations omitted).

Pennsylvania Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>> (a) the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson;
>>
>> (b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and
>>
>> (c) the expert's methodology is generally accepted in the relevant field.

Pa.R.E. 702. Pennsylvania Rule of Evidence 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> > (a) rationally based on the witness's perception;
> >
> > (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> >
> > (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701. A layperson is permitted to testify to certain indicia of intoxication. **See Commonwealth v. Ragan**, 652 A.2d 925, 928 (Pa. Super. 1995) (noting that "non-expert testimony is admissible to prove intoxication where such testimony is based upon the witness' observation of the defendant's acts and speech and where the witness can opine as to whether the defendant was [intoxicated]").[7]

Here, the Commonwealth was not required to qualify Officer Chmielewski as an expert in order for her to testify to her own observations of Appellant's failure to follow instructions. Moreover, Officer Chmielewski did not testify that Appellant was considered to be under the influence specifically for failing a field sobriety test or that Appellant had failed any of the tests. Rather, the officer testified to indicia of intoxication to which a layperson is permitted to testify, including Appellant's slurred speech, red, glossy eyes,

---

[7] We may rely on case law predating the enactment of the Pennsylvania Rules of Evidence to the extent the case law does not contradict the rules. **Commonwealth v. Aikens**, 990 A.2d 1181, 1185 n.2 (Pa. Super. 2010).

and inability to maintain her balance.  ***See id.***  Accordingly, the trial court did not err in permitting Officer Chmielewski's testimony on this subject.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2018