J-S11020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK JOSEPH RYSZ | : | No. 1269 WDA 2024 |

Appeal from the Order Entered October 1, 2024
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001163-2022

BEFORE: MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.: **FILED: June 13, 2025**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Westmoreland County Court of Common Pleas, granting the suppression motion of Appellee, Frank Joseph Rysz. We reverse.

The trial court opinion set forth the relevant facts of this appeal as follows:

> On February 18, 2022, at approximately 9:50 p.m., Trooper Clark drove behind [Appellee's] vehicle for one mile on Mt. Pleasant Road and Pleasant Unity Mutual Road in Unity Township. Trooper Clark, who has more than eight years of experience including training and investigating [the offense of driving under the influence of alcohol ("DUI")], testified that [Appellee] swerved both within and outside of his lane of travel. According to Trooper Clark, [Appellee] drove over the yellow centerlines, which divide the road for opposing traffic, three or four times, and drove on the centerlines at least four times. Trooper Clark's mobile video recording in his police vehicle (hereinafter "MVR") recorded [Appellee's]

- 1 -

> driving and was shown during the suppression hearing.[1]
>
> Trooper Clark testified on cross examination that [Appellee] maintained the same speed throughout the time he observed him driving. Trooper Clark testified that when another vehicle passed [Appellee], "you could see [Appellee] jerk the wheel at that point." [Appellee] avoided hitting the vehicle.

(Trial Court Opinion, filed 11/22/24, at 2) (record citations omitted).

Based upon these observations, Trooper Clark activated his emergency lights and conducted a traffic stop. The trooper approached Appellee's vehicle, spoke with Appellee, and immediately detected the odor of alcoholic beverages on Appellee's breath. Appellee's speech was slurred, and his eyes were bloodshot and glassy. Trooper Clark requested that Appellee exit the vehicle and perform field sobriety tests. Appellee complied with the trooper's request, but Appellee failed the field sobriety tests. Trooper Clark arrested Appellee on suspicion of DUI. At the state police barracks, Appellee submitted to a breath test that confirmed his intoxication.

The Commonwealth charged Appellee with two (2) counts of DUI and the summary offenses of driving on roadways laned for traffic, operating a vehicle without inspection certificate, and careless driving.[2] On January 22, 2024, Appellee filed an omnibus pretrial motion seeking to suppress all

---

[1] The certified record on appeal does not include the MVR footage.

[2] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(b), 3309(1), 4703, and 3714(a), respectively.

evidence obtained from the traffic stop. In the motion, Appellee argued that Trooper Clark lacked probable cause to support the stop, and any Motor Vehicle Code infractions were momentary and minor. The court conducted a suppression hearing on July 18, 2024. On October 1, 2024, the court granted Appellee's suppression motion. Significantly, the court noted that Appellee's "driving on or over the centerline was *de minimis*." (Order, filed 10/1/24).

The Commonwealth timely filed a notice of appeal on October 16, 2024. On October 25, 2024, the court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The Commonwealth timely filed its Rule 1925(b) statement on November 6, 2024.

On appeal, the Commonwealth raises one issue for this Court's review:

> Whether the suppression court erred in suppressing the results of a traffic stop despite the establishment of probable cause for a motor vehicle code violation and/or reasonable suspicion of DUI?

(Commonwealth's Brief at 4).

On appeal, the Commonwealth asserts that the court "granted suppression based upon a finding that [the trooper's] observations represented *de minimis* violations of the Motor Vehicle Code, not rising to the level of probable cause." (*Id.* at 9). Instead, the Commonwealth insists that the court should have considered whether Trooper Clark possessed reasonable suspicion of a Motor Vehicle Code violation. Further, the Commonwealth observes that the court "clearly and cogently addressed the reasonable suspicion issue in its Rule 1925(a) opinion and acknowledged that the

suppression decision should be reversed." (*Id.*) The Commonwealth concludes that this Court must reverse the order granting Appellee's suppression motion. We agree.

"At a suppression hearing, the Commonwealth has the burden of establishing by a preponderance of the evidence that the evidence was properly obtained." ***Commonwealth v. Heidelberg***, 267 A.3d 492, 499 (Pa.Super. 2021) (*en banc*), *appeal denied*, ___ Pa. ___, 279 A.3d 38 (2022) (internal citation and quotation marks omitted).

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.
>
> Our standard of review is restricted to establishing whether the record supports the suppression court's factual findings; however, we maintain *de novo* review over the suppression court's legal conclusions.

***Commonwealth v. Korn***, 139 A.3d 249, 252-53 (Pa.Super. 2016), *appeal denied*, 639 Pa. 157, 159 A.3d 933 (2016) (internal citations and quotation marks omitted).

Our analysis of the quantum of cause required for a traffic stop begins with the Motor Vehicle Code, which provides:

**§ 6308. Investigation by police officers**

* * *

   **(b)   Authority of police officer.**—Whenever a police
   officer is engaged in a systematic program of checking
   vehicles or drivers or has **reasonable suspicion** that a
   violation of this title is occurring or has occurred, he may
   stop a vehicle, upon request or signal, for the purpose of
   checking the vehicle's registration, proof of financial
   responsibility, vehicle identification number or engine
   number or the driver's license, or to secure such other
   information as the officer may reasonably believe to be
   necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b) (emphasis added).

"[D]espite subsection 6308(b)'s reasonable suspicion standard, some offenses, by their very nature, require a police officer to possess probable cause before he or she may conduct a traffic stop." *Commonwealth v. Ibrahim*, 127 A.3d 819, 823 (Pa.Super. 2015), *appeal denied*, 635 Pa. 771, 138 A.3d 3 (2016). "For a stop based on [an] observed violation of the Vehicle Code or otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop." *Commonwealth v. Harris*, 176 A.3d 1009, 1019 (Pa.Super. 2017). *See also Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa.Super. 2010), *appeal denied*, 611 Pa. 650, 25 A.3d 327 (2011) (stating mere reasonable suspicion will not justify vehicle stop when driver's detention cannot serve investigatory purpose relevant to suspected violation).

In determining whether an officer possesses reasonable suspicion to effectuate a traffic stop, "we must accord due weight 'to the specific reasonable inferences [he] is entitled to draw from the facts in light of his

experience.'" ***Commonwealth v. Sands***, 887 A.2d 261, 272 (Pa.Super. 2005) (quoting ***Commonwealth v. Rogers***, 578 Pa. 127, 134, 849 A.2d 1185, 1189 (2004)). When an officer possesses good reason to believe that a driver is intoxicated, he is justified in asking the driver to perform sobriety tests. ***See Commonwealth v. Ragan***, 652 A.2d 925, 929 (Pa.Super. 1995), *appeal denied*, 541 Pa. 650, 664 A.2d 540 (1995).

Instantly, the suppression court explained that this Court must **reverse** its suppression order:

> After reviewing the evidence and the case law, this court finds that the Commonwealth demonstrated that Trooper Clark had reasonable suspicion to stop [Appellee] to investigate DUI. The incident occurred on February 18, 2022, at approximately 9:50 p.m., and was investigated by Trooper Clark, who has more than eight years of experience including experience and training investigating DUIs. Trooper Clark testified that he suspected DUI as the cause of [Appellee's] "erratic" driving. The evidence demonstrates that [Appellee] was weaving within his lane on a road shared by oncoming traffic, and [Appellee] had either crossed or driven on the yellow centerlines several times during the mile that Trooper Clark observed him—which, while *de minimis* violations of the traffic code, was in a manner suggestive of a delay in a reaction time caused by sensory impairment.
>
> Superior Court decisions support the Commonwealth's argument that Trooper Clark had reasonable suspicion to stop [Appellee] and investigate him for DUI.

(Trial Court Opinion at 5) (record citations omitted). Our review of the relevant case law confirms the suppression court's conclusions. ***See Sands, supra*** at 272 (holding officer possessed reasonable suspicion to support traffic stop based on DUI; officer had made forty to fifty DUI arrests in his career;

officer observed motorist drift across fog line three times; on each occasion, motorist crossed fog line by approximately three feet before slowly returning to his lane; drifting occurred on portion of road without sharp curves or obstructions to justify weaving). *See also Commonwealth v. Fulton*, 921 A.2d 1239, 1243 (Pa.Super. 2007), *appeal denied*, 594 Pa. 686, 934 A.2d 72 (2007) (holding trooper possessed reasonable suspicion to support traffic stop; trooper possessed more than five years' experience; trooper witnessed driver swerve out of lane three times in thirty seconds, in dense fog, on road with oncoming traffic).

Here, Trooper Clark testified that he has worked in law enforcement for eight-and-a-half years, he has received DUI-specific training, and he has participated in over 350 DUI arrests. (*See* N.T. Suppression Hearing, 7/18/24, at 6-7). Prior to stopping Appellee, Trooper Clark witnessed Appellee's vehicle swerve in and out of its lane on eight occasions:

> It was weaving both in and out of the lane. Of the eight times, at least four of which just struck the double yellow line dividing the two lanes. The last three, possibly four, crossings were completely over both of the double yellow lines nearly into the oncoming lane of travel.

(*Id.* at 9). Additionally, Trooper Clark saw Appellee "jerk the wheel" when another vehicle attempted to pass. (*Id.* at 18). Under these circumstances, Trooper Clark possessed reasonable suspicion to support the DUI stop and subsequent investigation. *See Sands, supra*. Accordingly, we reverse the order granting Appellee's suppression motion and remand this case for further

proceedings consistent with this decision. ***See Korn, supra***.

Order reversed. Case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/13/2025