**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEATLH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDY SCOTT GLASS | |
| Appellant | No. 317 MDA 2017 |

Appeal from the Judgment of Sentence entered January 17, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-000-2191-2016

BEFORE:  STABILE, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:  **FILED DECEMBER 21, 2017**

Appellant, Randy Scott Glass, appeals from the January 17, 2017 judgment of sentence imposing six months of probation plus fines and court costs for driving under the influence of alcohol and driving with an open alcoholic beverage container.[1]  We affirm.

The trial court's opinion sets forth the pertinent facts:

In the instant case, witness James McMahan, testified that [Appellant] appeared at the door of Mr. McMahan's residence on April 9, 2016, at approximately 7:30 p.m. with bloodshot, red eyes.  After speaking with [Appellant] and directing him to leave the property, Mr. McMahan contacted the police.  Officer Troy Rogers and Officer Phillip Eck of the Manor Township Police testified that they received a dispatch to Mr. McMahan's property at approximately 7:34 p.m. on April 9, 2016 and arrived at the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  75 Pa.C.S.A. §§ 3802(a)(1) and 3809(a), respectively.

residence about four (4) minutes later. Upon arriving Officer Rogers observed [Appellant] sitting in the driver's seat of the vehicle, which was parked in the driveway of Mr. McMahan's residence.

Upon approaching [Appellant] within his vehicle, Officer Rogers testified that he could smell the odor of alcohol coming from within the vehicle, that he observed [Appellant] fumble with his wallet to retrieve his identification and that [Appellant] was slurring his speech and had bloodshot eyes. Officer Eck also testified that [Appellant] was slurring his speech and that there was an odor of alcohol coming from the vehicle. Officer Eck further testified that he could tell, based on his training and experience, that the odor was that of alcohol after it has been metabolized, when it emanates from the body and not from a container. Officer Rogers testified that a glass tumbler was observed in the center console of the vehicle with a tan liquid inside of it as well as a partially emptied bottle of tequila and an empty Corona beer bottle behind the driver's seat of the vehicle. [Appellant] refused to exit the vehicle when asked three (3) times and it took two (2) officers to forcibly remove him from the vehicle. After being removed from the vehicle, [Appellant] staggered and had trouble holding himself up while walking. [Appellant] was not asked to complete field sobriety tests because [Appellant] did not appear as if he could safely complete those tests due to his inability to walk and maintain his balance.

Both Officer Rogers and Officer Eck have training in the detection of persons under the influence of alcohol. Both officers testified that their training and experience led them to the conclusion that [Appellant] was under the influence of alcohol to the extent that he could not safely operate a motor vehicle. When asked, [Appellant] admitted that he drove to Mr. McMahan's residence and had arrived only a few minutes before.

While [Appellant] did not state a specific time that he arrived at Mr. McMahan's residence, he did indicate that it was at some time after 7:00 p.m. [Appellant] claimed that he purchased the bottle of tequila on his way to Mr. McMahan's residence, but had not had anything to drink prior to arriving or prior to speaking with Mr. McMahan. [Appellant] stated that it was only after speaking with Mr. McMahan and returning to its vehicle that he opened, poured, and began sipping on the tequila. [Appellant] testified that he only had a few sips of tequila and does not chug drinks.

Trial Court Opinion, 4/4/17, at 5-7 (footnotes omitted).

The incident occurred on April 9, 2016. Appellant proceeded to a bench trial on January 17, 2017. The court found Appellant guilty of the aforementioned issues, imposed sentence as set forth above, and this timely appeal followed. Appellant challenges the sufficiency of the evidence in support of both convictions, arguing the Commonwealth failed to prove that he was intoxicated while driving or that he drove with an open container.

The applicable standard of review is as follows:

> When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

*Commonwealth v. Kane*, 10 A.3d 327, 332 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011).

Section 3802 of the Motor Vehicle Code forbids an individual to "drive, operate, or be in actual physical control of the movement of a vehicle" while intoxicated. 75 Pa.C.S.A. § 3802(a). Section 3809 forbids "an individual who is an operator or occupant in a motor vehicle" to possess an open alcoholic beverage container. 75 Pa.C.S.A. § 3809(a). Appellant argues the evidence

is insufficient because the Commonwealth failed to prove that he opened the containers or consumed any alcohol until after he parked his vehicle.

We have reviewed the trial court's opinion, the applicable law, the parties' briefs, and the record. We conclude that the trial court's April 4, 2017 opinion accurately addresses Appellant's arguments, and we affirm on the basis of that opinion. In particular, we note that the trial court, sitting as finder of fact, found Appellant's testimony not credible. Furthermore, police officers arrived on the scene within minutes of McMahan's call, and the trial court credited their testimony that Appellant was already intoxicated and that he smelled of metabolized alcohol. The standard of review requires us to defer to the fact finder's credibility determinations and draw all reasonable inferences in favor of the Commonwealth, as verdict winner. We direct that a copy of the trial court's opinion be filed along with this memorandum.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/21/2017

- 4 -

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :

VS. : No. 2191-2016

RANDY SCOTT GLASS :

## OPINION

BY: KNISELY, J.                                      April 3, 2017

Appellant/Defendant, Randy Scott Glass, appeals from the judgment of sentence imposed on January 17, 2017. Defendant challenges the sufficiency of the evidence supporting his convictions for driving under the influence of alcohol, general impairment,[1] and for possessing an open alcoholic beverage container in violation of the Restriction on Alcoholic Beverages.[2] Defendant admitted to driving only a few minutes prior to police finding him inside in his vehicle, in a visibly intoxicated state and possessing inside the vehicle a glass of alcohol, an open liquor bottle with a significant amount emptied and an empty beer bottle. The evidence, and all reasonable inferences drawn therefrom, establish each material element of the offenses charged, and the commission thereof by the accused, beyond a reasonable doubt.

---

[1] 75 Pa.C.S.A. § 3802(a)(1).
[2] 75 Pa.C.S.A. § 3809(a).

## BACKGROUND

Defendant was convicted of one (1) count each of driving under the influence of alcohol (general impairment),[3] defiant trespass with notice through actual communication[4] and violating the restrictions on alcoholic beverages by possessing an open container as the operator of a vehicle on a highway[5] following a bench trial on January 17, 2017. Defendant's aggregate sentence is six (6) months of probation, fines and costs and other relevant conditions.[6] On February 16, 2017, Defendant filed a Notice of Appeal and pursuant to Pa.R.A.P. 1925(b) Order, Defendant filed a Concise Statement of Errors Complained of on Appeal on March 9, 2017. Defendant challenges his convictions for driving under the influence of alcohol and for violations of the restrictions on alcoholic beverages claiming that each were not sufficiently supported by competent evidence.[7]

## DISCUSSION

The standard for reviewing the sufficiency of evidence is well-settled.

When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or

---

[3] 75 Pa.C.S.A. § 3802(a)(1).
[4] 18 Pa.C.S.A. § 3503(b)(1)(i).
[5] 75 Pa.C.S.A. § 3809(a).
[6] *See*, Sentencing Order, 1/17/17; Sentencing Conditions Order, 1/17/17.
[7] *See*, Defendant's Concise Statement of Errors Complained of on Appeal, 3/9/17, ¶ I-II.

2

establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Com. v. Teems*, 74 A.3d 142, 144-45 (Pa.Super. 2013) (citing *Commonwealth v. Toland*, 995 A.2d 1242, 1245 (Pa.Super. 2010)) (citations omitted). The burden of the Commonwealth may be established through wholly circumstantial evidence. *Com. v. Tarrach*, 42 A.3d 342, 345 (Pa.Super. 2012). Any doubts as to guilt are to be resolved by the fact-finder "unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Id.* An appellate court may not re-weigh the evidence or substitute their judgment for that of the fact-finder. *Id.*

## I.    Driving Under Influence of Alcohol – General Impairment

As to the charge of driving under the influence of alcohol with a general impairment, the Commonwealth must prove that "the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009). In proving intoxication, "non-expert testimony is admissible to prove intoxication where such testimony is based upon the witness' observation...and where the witness can opine as to whether the defendant was drunk." *Com. v. Ragan*, 652 A.2d 925, 928 (Pa.Super. 1995). Evidence of intoxication may include, but is not limited to, the

3

following: the actions and behavior of the defendant; the defendant's demeanor, including towards an officer; and the defendant's physical appearance, particularly bloodshot eyes, the odor of alcohol and slurred speech. *Com. v. Teems*, 74 A.3d at 145.

Furthermore, while it is true that Subsection 3802(a)(1) is an "at the time of driving" offense, it "provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving." *Id.* The Commonwealth's ability to utilize wholly circumstantial evidence applies not only to determining whether the defendant was intoxicated to the extent that he or she was rendered incapable of safely operating the vehicle, but also to determining whether the defendant was driving, operating or in actual physical control of a motor vehicle at the time of such intoxication. *Com. v. Williams*, 871 A.2d 254, 259 (Pa.Super. 2005). Such determination is made based upon the totality of the circumstances (*Id.*) and the fact-finder is permitted to rely on his or her experience and common sense when assigning weight to the evidence (*Com. v. Teems*, 74 A.3d at 145). It has been noted that "our jurisprudence does not require fact-finders to suspend their powers of logical reasoning or common sense in the absence of direct evidence" but permits them to make "reasonable inferences from circumstantial evidence introduced at trial." *Com. v. Teems*, 74 A.3d at 145.

4

In the instant case, witness, James McMahan, testified that Defendant appeared at the door of Mr. McMahan's residence on April 9, 2016 at approximately 7:30 p.m. with bloodshot, red eyes.[8] After speaking with Defendant and directing him to leave the property, Mr. McMahan contacted the police.[9] Officer Troy Rogers and Officer Phillip Eck of the Manor Township Police testified that they received a dispatch to Mr. McMahan's property at approximately 7:34 p.m. on April 9, 2016 and arrived at the residence about four (4) minutes later.[10] Upon arriving Officer Rogers observed Defendant sitting in the driver's seat of the his vehicle, which was parked in the driveway of Mr. McMahan's residence.[11]

Upon approaching Defendant within his vehicle, Officer Rogers testified that he could smell the odor of alcohol coming from within the vehicle, that he observed Defendant fumble with his wallet to retrieve his identification and that Defendant was slurring his speech and had bloodshot eyes.[12] Officer Eck also testified that Defendant was slurring his speech and that there was an odor of alcohol coming from the vehicle.[13] Officer Eck further testified that he could tell, based on his training and experience, that the odor was that of alcohol after it has been

---

[8] N.T., Criminal Trial, 1/17/17, pp. 8-10, 12.
[9] N.T., Criminal Trial, 1/17/17, p. 10.
[10] N.T., Criminal Trial, 1/17/17, pp. 13, 14-15, 40, 42.
[11] N.T., Criminal Trial, 1/17/17, pp. 16-17.
[12] N.T., Criminal Trial, 1/17/17, pp. 17-18, 34.
[13] N.T., Criminal Trial, 1/17/17, p. 46.

5

metabolized, when it emanates from the body and not from a container.[14] Officer Rogers testified that a glass tumbler was observed in the center console of the vehicle with a tan liquid inside of it as well as a partially emptied bottle of tequila and an empty Corona beer bottle behind the driver's seat of the vehicle.[15] Defendant refused to exit the vehicle when asked three (3) times and it took two (2) officers to forcibly remove him from the vehicle.[16] After being removed from the vehicle, Defendant staggered and had trouble holding himself up while walking.[17] Defendant was not asked to complete field sobriety tests because Defendant did not appear as if he could safely complete those tests due to his inability to walk and maintain his balance.[18]

Both Officer Rogers and Officer Eck have training in the detection of persons under the influence of alcohol.[19] Both officers testified that their training and experience led them to the conclusion that Defendant was under the influence of alcohol to the extent that he could not safely operate a motor vehicle.[20] When asked, Defendant admitted that he drove to Mr. McMahan's residence and had arrived only a few minutes before.[21]

---

[14] N.T., Criminal Trial, 1/17/17, pp. 41-42, 46.
[15] N.T., Criminal Trial, 1/17/17, pp. 18-19; CW. Ex. 6; CW. Ex. 7; CW. Ex. 9.
[16] N.T., Criminal Trial, 1/17/17, pp. 21-23, 47-48.
[17] N.T., Criminal Trial, 1/17/17, pp. 23-24, 48.
[18] N.T., Criminal Trial, 1/17/17, pp. 24-25, 35.
[19] N.T., Criminal Trial, 1/17/17, pp. 14, 28, 40-42.
[20] N.T., Criminal Trial, 1/17/17, pp. 18, 22-23, 24, 52, 55.
[21] N.T., Criminal Trial, 1/17/17, pp. 18, 21.

While Defendant did not state a specific time that he arrived at Mr. McMahan's residence, he did indicate that it was at some time after 7:00 p.m.[22] Defendant claimed that he purchased the bottle of tequila on his way to Mr. McMahan's residence, but had not had anything to drink prior to arriving or prior to speaking with Mr. McMahan.[23] Defendant testified that it was only after speaking with Mr. McMahan and returning to his vehicle that he opened, poured and began sipping on the tequila.[24] Defendant testified that he only had a few sips of the tequila and does not chug drinks.[25]

The testimony outlined above clearly indicates that Defendant operated his vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol. Immediately upon arriving at Mr. McMahan's residence, Defendant was exhibiting signs of being intoxicated as testified to my Mr. McMahan. Mere minutes later, Defendant was observed by officers to be exhibiting other clear signs of being highly intoxicated, including having bloodshot eyes, slurring his speech, emitting the smell of alcohol, staggering and struggling to maintain his balance. All of this was observed mere minutes after Defendant had admittedly been driving. The testimony of Officer Rogers, Officer Eck and Mr.

---

[22] N.T., Criminal Trial, 1/17/17, pp. 63, 65.
[23] N.T., Criminal Trial, 1/17/17, pp. 63-65, 72, 76, 80.
[24] N.T., Criminal Trial, 1/17/17, pp. 68-69.
[25] N.T., Criminal Trial, 1/17/17, p. 69.

McMahan was found to be credible, while the testimony of Defendant was found to be not credible. It is simply illogical and unreasonable to believe that within a few minutes, Defendant became intoxicated to the level at which he was observed having only taken a few sips of tequila. It is clear, beyond a reasonable doubt, that Defendant operated his vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol.

## II. Restrictions on Alcoholic Beverages

This offense is defined as follows:

(a) General rule.--Except as set forth in subsection (b), an individual who is an operator or an occupant in a motor vehicle may not be in possession of an open alcoholic beverage container or consume a controlled substance as defined in the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or an alcoholic beverage in a motor vehicle while the motor vehicle is located on a highway in this Commonwealth.

75 Pa.C.S.A. § 3809(a) (footnote omitted).

Testimony and evidence at trial revealed beyond a reasonable doubt that Defendant possessed a partially emptied container of tequila and an empty beer container in his vehicle while located on a highway in this Commonwealth. As stated above, the alcoholic beverage containers were observed in Defendant's vehicle, with Defendant present, mere minutes after Defendant was admittedly driving on public roadways.[26] Defendant's testimony that he did not open the bottle of tequila until

---

[26] N.T., Criminal Trial, 1/17/17, pp. 18-19, 21, 63, 65; CW. Ex. 6; CW. Ex. 7; CW. Ex. 9.

8

after he was parked in Mr. McMahan's driveway was not credible for the reasons stated above. Furthermore, Defendant himself did not contest the existence of the open and empty beer bottle in his vehicle at the time he was driving and denied opening it or consuming it after his arrival.[27] Defendant's testimony that he did not know the beer bottle was in the vehicle despite its presence directly beside the tequila bottle that he admittedly placed in the vehicle and allegedly opened after the vehicle was no longer moving was not credible.[28] Therefore, it is clear, beyond a reasonable doubt, that Defendant possessed a partially emptied container of tequila and an empty beer container in his vehicle while located on a highway in this Commonwealth.

For all the foregoing reasons, the judgment of sentence imposed on January 17, 2017 should not be disturbed.

BY THE COURT:

_____
HOWARD F. KNISELY
JUDGE

ATTEST:

Copies to:

Kane Podraza, Esq., Assistant Public Defender
Office of the District Attorney

LANCASTER COUNTY, PA    2017 APR -4   AM 8:23    CLERK OF COURTS

---

[27] N.T., Criminal Trial, 1/17/17, pp. 72-73.
[28] N.T., Criminal Trial, 1/17/17, pp. 63-65, 68-69, 76, 80; CW. Ex. 6; CW. Ex. 9.

9